**Michael BASHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 65567, 65568.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 26, 1980.

Marcel S. Greenia, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and Shannon E. Salyer, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and CLINTON, JJ.

## OPINION

ODOM, Judge.

These are appeals from convictions of murder. Appellant's pleas of guilty to the murders of Debbie and Rose Eldridge were accepted by the trial court. Punishment was assessed at life for each offense. Sentences were to run consecutively.

Appellant's first two grounds of error attack the trial court's "fail[ure] to make an *independent determination* of defendant's competency to *plead guilty;*" and its acceptance of his plea which was "not knowingly or understandingly made and is constitutionally infirm."

The record reflects that a pre–trial competency hearing was had in compliance with Art. 46.02, Sec. 4(a), V.A.C.C.P. At this hearing before a jury, both sides presented several expert and lay witnesses. The appellant attempted to establish incompetence due to his alcoholic blackouts and amnesia. The hearing resulted in the jury's finding appellant competent to stand trial.

The essence of appellant's contention is that "where there is some evidence to believe that a Defendant, who has been found competent to stand trial, may not be competent to waive his rights to that trial by plea of guilty, the trial court is *required* to make further inquiry to determine whether the Defendant is making a rational and reasoned decision in entering the plea of guilty." (Emphasis added.) See *Sieling v. Eyman*, 478 F.2d 211, 214 (9th Cir. 1973). This contention is based primarily upon appellant's initial equivocal response to the trial court's inquiries into the reason for his plea. Cf. *Lewellen v. State*, Tex.Cr.App., 485 S.W.2d 787 (equivocal responses during guilty plea admonishments does not render plea invalid).

Article 26.13, V.A.C.C.P. provides that no plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and that the plea is voluntary. The purpose of this article is to assure that the defendant does not plead guilty except with a full understanding of the charges against him and the consequences of his plea. *Vasquez v. State*, Tex.Cr.App., 477 S.W.2d 629, 633. We have held that substantial compliance with Art. 26.13, supra, is sufficient. *Gamez v. State*, Tex.Cr.App., 506 S.W.2d 618, 619. Further, it is *not* necessary that there be an *express* inquiry as to whether a defendant freely and volun-

tarily enters his plea of guilty to constitute substantial compliance with the article. *Richards v. State*, Tex.Cr.App., 562 S.W.2d 456, 458.

■ Where, as here, we have a jury's determination after a well developed competency hearing that appellant was competent to stand trial, and the acceptance of appellant's guilty plea two days after that determination, we find that appellant was competent to enter such a plea. We further find that the proceedings in question were in substantial compliance with Art. 26.13(b), supra. We reject the contentions that under the facts of this case an independent determination of competency to enter a guilty plea was necessary.

Appellant next contends that the trial court erred in denying his motions in limine to limit the proof at the competency hearing by excluding evidence pertaining to the res gestae of the offense charged.

■ The purpose of a separate hearing is to allow a determination uncluttered by evidence of the offense itself. *Ex parte Hagans*, Tex.Cr.App., 558 S.W.2d 457, 461. A review of the record reveals that appellant filed several motions in limine so as to prevent the introduction of evidence which would "clutter" the hearing. The motion that was denied and is complained of on appeal sought to exclude "res gestae facts as to the commission of the offense and the investigation and events subsequent thereto ..." The record also reveals, however, that at those times when the State sought to introduce such evidence, appellant voiced either no objection or improper objections based on grounds other than that asserted in the motion and on appeal.[1]

To preserve error for review by this Court, the denial of a motion in limine is simply not sufficient. There must be a proper objection to the proffered evidence. *Harrington v. State*, Tex.Cr.App., 547 S.W.2d 616, 620; *Brazzell v. State*, Tex.Cr. App., 481 S.W.2d 130, 131. Hence, this ground of error presents nothing for review.

■ Next, appellant contends that it was error for the trial court to exclude, upon the State's motion in limine, evidence pertaining to the administration of sodium amytal ("truth serum") to him. In his brief he contends that evidence, in the form of a taped interview of appellant under the influence of the drug, before us here through a bill of review, should have been admitted "for the limited purpose of indicating the basis of the psychiatric diagnosis of Dr. Taylor that appellant was not suffering from emotional amnesia." However, he also concedes that "it was not necessary that the tape recording be admitted into evidence or played before the jury."

An examination of the record reveals that Dr. Taylor was allowed to express the opinion that appellant was not competent to stand trial. There is absolutely no reference to the "truth serum" interview and there is *no bill of exception indicating the opinion of this expert based upon such an interview.*

From the mere granting of a motion in limine, it is not possible for the reviewing court to know what specific evidence has been excluded. It is upon a reconsideration and the offer and exclusion of specific evidence that the record is made to show what in fact was excluded from presentation to the jury, and it is upon such a record that the reviewing court must make its determination of whether reversible error was committed. *Norman v. State*, Tex.Cr.App., 523 S.W.2d 669, 671. Hence in the absence of an offer and exclusion of this testimony consistent with any specific provision made by the order in limine, and in the absence of a subsequent perfection of a bill of exception preserving the specific excluded evidence, nothing is presented for review. See *Norman v. State*, supra at 671.

■ In his final ground appellant contends that the trial court erred in refusing to "specially instruct the jury in response to its crucial inquiry during the course of its deliberations."

No further relief, however, was requested by the appellant.

---

1. At one point, when the prosecutor referred to the offense a general objection was sustained.

During the course of its deliberations, the jury sent the following written inquiry to the trial judge:

"Is it necessary to remember about the event to be competent or is it only the present that matters?"

The trial judge responded in open court, before both parties, that the jury was to be governed by the second paragraph of the court's charge, which stated:

"A person is incompetent to stand trial if he does not have:

"(a) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or

"(b) a rational as well as factual understanding of the proceedings against him."

The response of the trial court was in strict compliance with Art. 46.02, Sec. 1(a), V.A.C.C.P. Appellant has cited no authority in support of his position. This contention is likewise rejected.

The judgments are affirmed.