Affirmed and Memorandum Opinion filed May 1, 2007








Affirmed and Memorandum Opinion filed May 1, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01240-CR

____________

 

GERARDO BUENTELLO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 41,070

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Gerardo Buentello, was indicted for the offense
of aggravated sexual assault of a child.  On October 27, 2005, a jury found him
guilty and assessed his punishment at sixty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice and a
$10,000 fine.  We affirm.  








Factual
and Procedural Background

In October 2004, the alleged victim, appellant=s
thirteen-year-old stepdaughter, told Child Protective Services (CPS) that
appellant had sexually assaulted her on several occasions over a period of one
or two years.  The day after being confronted at home by CPS, appellant
arranged to meet with CPS and made a recorded confession that his stepdaughter=s allegations were
true.  The authorities arrested appellant and indicted him on a charge of
aggravated sexual assault of a child.  During the guilt-innocence phase of his
trial, appellant again conceded that, with respect to the alleged victim=s testimony
pertaining to the instances of sexual assault, Ain general
everything was like she said.@  Moreover, appellant admitted to
instances of sexual misconduct and abuse with two other young children prior to
the sexual assault of his stepdaughter.  The jury found appellant guilty of
aggravated sexual assault of a child, assessing his punishment at confinement
for sixty years and a $10,000 fine.  This appeal followed.

Issue
on Appeal

On appeal, appellant contends that the trial court erred in
ruling that lay and expert testimony of his mental status was inadmissible
during the guilt-innocence phase of the trial.

Appellant Did Not Preserve Error on
the Issue of the Admissibility of Mental Status Evidence

I.        Appellant Failed to Offer
Any Mental Status Evidence 

The State argues that appellant failed to offer any evidence
of his mental status during the guilt-innocence phase of the trial.  Thus, the
trial court never made an admissibility ruling on which error could be based. 
Having reviewed the record, we agree. 

The record contains only two instances in which appellant
discusses mental status evidence during the guilt-innocense phase of the trial:
an exchange regarding a motion in limine the State filed and a brief discussion
concerning the defense calling appellant=s court-appointed
psychiatrist as a witness.  








Before trial, the State filed a motion in limine
requesting, in pertinent part, that Aany comments
regarding the defendant=s mental condition or status . . . be
prohibited from being introduced in front of the jury until such time as the
jury can be excused and a hearing be held outside the presence of the jury to
determine the relevance and admissibility of any such evidence.@  At the outset of
the hearing, the following exchange occurred related to this motion in limine:

THE COURT:     State=s Motion in Limine regarding plea
offers and defendant=s mental status.  Any objection?

DEFENSE:        What was that last,
mental status, Your Honor?

THE COURT:     Mental Status.

DEFENSE:        Well, I=m going to object to that, Your
Honor.  At all levels of this hearing, I think we have a right to interject his
mental state.

THE STATE: Judge, I=m just asking that we approach the
bench to determine the admissibility of the evidence that he seeks to admit
before the jury to determine whether or not it=s appropriate.  If he hasC

THE COURT:     Well, isn=t mental status a part of the
element of the offense?

THE STATE: Well, it=sCyes, sir, it is, as far as knowingly and
intentionally.  However, to try to solicit opinions about his mental condition
from lay witnesses or people that are not qualified, you know, to do that, is
what I object to, and I would request that we just simply approach the bench
and have a hearing, if necessary, outside the presence of the jury  before such
evidence is blurted in front of the jury, which can=t be taken back once it is, if it=s solicited from an inappropriate
witness.

THE COURT:     You=re not going to ask a witness to
make a mental evaluation, are you?

DEFENSE:        No. 

THE COURT:     You=re simply going to askC

DEFENSE:        I may bring up some
things that tend toC if a witness knows something that
he saw or something that would, would show the status of mentalC 

THE COURT:     That relates to the
case itself?

DEFENSE:        Right, fact
situations.

THE COURT:     All right. 

DEFENSE:        Not opinions.








THE COURT:     As to professional
mental condition or status, I will grant it.  As to any other, they=ll stand up to any objection that=s lodged at the time of trial.

The
trial court subsequently entered an order on the motion in limine restricting
the defendant from introducing Aany comments regarding the defendant=s mental condition
or status, as to professional evaluation only, until such time as the jury can
be excused and a hearing be held outside the presence of the jury to determine
the relevance and admissibility of such evidence.@ 

Near the completion of the guilt-innocence phase of the
trial, the following exchange occurred between appellant=s trial counsel
and the trial court concerning counsel=s attempt to call
as a witness Dr. Axelrad, a court-appointed psychiatrist who had completed an
assessment of appellant:

DEFENSE:        Your Honor, I had
one more witness and I didn=t know, of course, the mechanics of when they were going to be needed,
but I had Dr. Axelrad on call and yesterday I talked to his secretary and told
him to be here at eleven.

THE COURT:     All right.  See if
you can=t have somebody get him down here
earlier.

DEFENSE:        Okay.  He said it
would take about twenty-five minutes for him to get here.

THE COURT:     Tell him we=re ready for him now.

DEFENSE:        Can I make a call
to my secretary to call him?

THE COURT:     We=ll take a fifteen minute recess at
this time.

DEFENSE:        Thank you, Your
Honor.

THE BAILIFF:    All rise.

(Court Recessed)

THE BAILIFF:    All rise.

(Jury Out)

THE COURT:     Counsel, is it your
intent to rest at this time?

DEFENSE:        Yes, Your Honor, we
would rest and close.  

 








These two parts of the record, which reflect only an intent
or desire to introduce evidence of mental condition, do not support appellant=s claim that he
actually offered any evidence of mental status.  Thus, the court never had an
opportunity to rule on the admissibility of this evidence.[1]


II.       A Ruling on a Motion in
Limine is Not a Ruling on the Admissibility of Evidence

Appellant argues that, in granting the motion in limine
pertaining to mental status evidence, the court effectively excluded any
presentation of this evidence.  Appellant apparently relies on his objection to
the motion in limine to claim that he preserved error with respect to the
admissibility of this evidence.  This reasoning is fundamentally flawed.  The
case law and the explicit wording of both the motion and the order granting the
motion in limine dictate that the trial court=s ruling on the
motion in limine does not constitute a ruling on the admissibility of the
evidence. 








A ruling on a motion in limine is not a ruling on the
merits, but rather one regarding the administration of the trial.  Harnett
v. State, 38 S.W.3d 650, 655 (Tex. App.CAustin 2000, pet.
ref=d).  The motion in
limine merely requires that before a party may introduce evidence relating to a
particular matter, a hearing must be held outside the presence of the jury to
determine its admissibility.  Geuder v. State, 115 S.W.3d 11, 14 (Tex.
Crim. App. 2003).  An objection to the ruling on the motion in limine does not
preserve error with respect to the admissibility of particular evidence.  See
Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998); see also Webb
v. State, 760 S.W.2d 263, 275 (Tex. Crim. App.1988) (declaring it is
axiomatic that motions in limine do not preserve error).  At this pre-trial
point in the case, no evidence has been offered or excluded and thus, the
reviewing court has no way of knowing what specific evidence has been
excluded.  Basham v. State, 608 S.W.2d 677, 679 (Tex. Crim. App. [Panel
Op.] 1980); Norman v. State, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975);
see also Oldham v. State, 5 S.W.3d 840, 847 (Tex. Crim. App. 1999)
(noting that absent a showing of what the testimony would have been, nothing is
presented for review).  The party must offer the evidence during trial and, if
the judge refuses to admit the evidence, the party must object.  Norman,
523 S.W.2d at 671.  In this way, the record provides the reviewing court the
necessary information to determine whether reversible error may exist.  Basham,
608 S.W.2d at 679.  Moreover, this procedure provides the trial court with the
opportunity to reconsider the admissibility of evidence at all stages of the
trial.  Romo v. State, 577 S.W.2d 251, 252 (Tex. Crim. App. 1979).  

Further, the clear language provided in the both the motion
in limine and the trial court=s order on the motion support the
conclusion that the order does not determine the admissibility of the
evidence.  Both documents prohibit the introduction of mental status evidence Auntil such time as
the jury can be excused and a hearing be held outside the presence of the jury
to determine the relevance and admissibility of such evidence.@  (emphasis
added)  The trial court=s ruling on the motion in limine does not
purport to exclude any evidence.  The motion and order simply provide a
mechanism for determining the evidence=s admissibility
during the trial outside the presence of the jury.

In short, because appellant never offered mental status
evidence, he clearly did not request, receive, or object to the court=s ruling on its
admissibility.  Thus, appellant failed to preserve his issue for appellate
review.  We therefore overrule appellant=s issue.  Conclusion

We
affirm the judgment of the trial court. 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment rendered
and Memorandum Opinion filed May 1, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Moreover, appellant did not make an offer of proof
concerning the substance of Dr. Axelrad=s
proposed testimony, nor did he otherwise inform the trial court how his
testimony would have contributed to appellant=s defense.  So, even if he had obtained a ruling from the court, we
would not be able to measure the error or harm.