Affirmed and Memorandum Opinion filed May 20, 2008








Affirmed and Memorandum Opinion filed May 20, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00409-CR

____________

 

REGINALD PIPER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 1053423

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Reginald Piper, appeals from his conviction for
sexual assault of a child under 17 years of age.  A jury found appellant guilty
and assessed his punishment at 45 years in prison.  In his sole issue,
appellant contends that the trial court erred by excluding evidence during the
punishment phase that the complainant had consensual sexual intercourse after
the assault.  We affirm.








Background

Complainant testified that appellant sexually assaulted her
at her school when she was fourteen years old.[1] 
The parties are well-aware of the details of her testimony, so they need not be
recounted here.  Also during the guilt-innocence phase, defense counsel
elicited testimony from complainant=s father regarding
complainant=s demeanor when she told him about the assault and
concerning his position on premarital sex.  During the punishment phase,
defense counsel sought to introduce evidence about appellant=s telling police
officers that subsequent to the assault she became curious about sex and
engaged in consensual intercourse.  The trial court refused to admit this
evidence.

Analysis

In his sole issue, appellant contends that the trial court
erred by excluding evidence during the punishment phase that the complainant
engaged in consensual sexual intercourse after the assault.  Specifically,
appellant argues that the evidence was admissible under Texas Rule of Evidence
412.  Tex. R. Evid. 412.[2] 
We generally review a trial court=s order excluding
evidence under an abuse of discretion standard.  Willover v. State, 70
S.W.3d 841, 845 (Tex. Crim. App. 2002).

Under Rule 412(b), in a prosecution for sexual assault,
evidence of specific instances of an alleged victim=s sexual behavior
is not admissible, unless:

(1) such evidence is admitted in accordance with
paragraphs (c) and (d) of this rule;

(2) it is evidence:








(A) that is necessary to rebut or explain scientific
or medical evidence offered by the State;

(B) of past sexual behavior with the accused and is
offered by the accused upon the issue of whether the alleged victim consented
to the sexual behavior which is the basis of the offense charged;

(C) that relates to the motive or bias of the
alleged victim;

(D) is admissible under Rule 609;  or

(E) that is constitutionally required to be
admitted;  and

(3) its probative
value outweighs the danger of unfair prejudice.

Tex.
R. Evid. 412(b).

Here, appellant argues that the evidence was admissible
under 412(b)(2)(E) because  without it he was unable to present a complete
defense as mandated by the United States Supreme Court in Holmes v. South
Carolina, 547 U.S. 319 (2006).[3] 
In the trial court, however, defense counsel argued for admission of the
statements only on grounds that they constituted victim impact evidence and did
not relate to consent or guilt or innocence.[4] 
The record does not demonstrate that counsel raised Holmes or any other
constitutional argument in support of the admission of this evidence.








In order to successfully argue on appeal that the trial
court erred in excluding certain evidence, an appellant must demonstrate that
(1) he or she preserved the argument by offering the evidence during trial and
by making the trial court aware of the substance of the evidence and the basis
for its admission, see Tex. R. App.
P. 33.1, Tex. R. Evid. 103(a)(2),
Basham v. State, 608 S.W.2d 677, 679 (Tex. Crim. App. 1980); (2) the
trial court erred in ruling the evidence inadmissible, see Willover, 70
S.W.3d at 845; and (3) the trial court=s exclusion of the
evidence was harmful to appellant=s case, see
Tex. R. App. P. 44.2; Ray v.
State, 178 S.W.3d 833, 835-36 (Tex. Crim. App. 2005).

Failure to present a particular argument to the trial court
in support of the admission of excluded evidence waives that argument for
appeal.  Reyna v. State, 168 S.W.3d 173, 176-79 (Tex. Crim. App. 2005); Rodriguez
v. State, 749 S.W.2d 576, 578 (Tex. App.CCorpus Christi
1988, pet. ref=d); see also Willover, 70 S.W.3d at 845-46
& n.4 (holding that the proponent of hearsay evidence must identify a
specific exception in order to preserve error in the exclusion of the
evidence); Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998)
(stating that a proper offer of proof must state the relevance of the excluded
evidence unless apparent).  In other words, a party complaining on appeal regarding
the exclusion of evidence must, at the earliest opportunity, have done
everything necessary to bring to the trial judge=s attention the
evidentiary rule or statute in question and its precise and proper application
to the evidence at issue.  Reyna, 168 S.W.3d at 177 (citing, inter
alia, 1 Stephen Goode, et al., Texas
practice:  Guide to the Texas Rules of Evidence: Civil and Criminal ' 103.2 (2d ed.
1993)).  The deciding factor in argument preservation is not whether the
appealing party is the State or the defendant or whether the trial court=s ruling is
legally correct in every sense; rather, the issue is whether the party complaining
on appeal brought to the trial court=s attention the
very complaint (or reasoning for admission of excluded evidence) that the party
makes on appeal.  Id.  Even constitutional arguments are waived when not
specifically made in the trial court.  Heidelberg v. State, 144 S.W.3d
535, 539, 542 (Tex. Crim. App. 2004).








Because appellant did not raise his constitutional grounds
for admission of the evidence in the trial court, we find that he waived those
issues for purposes of appeal.[5] 
Accordingly, we overrule appellant=s sole issue.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Opinion filed May 20, 2008.

Panel consists of
Chief Justice Hedges and Justices Fowler and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  DNA evidence corroborated complainant=s testimony.





[2]  We assume without deciding that Rule 412 governs
admission of the evidence at issue.  See Cuyler v. State, 841 S.W.2d
933, 936 (Tex. App.CAustin 1992, no pet.) (holding that Rule 412 governs
admission of evidence regarding a complainant=s sexual behavior regardless of whether that behavior occurred before
or after the alleged offense), overruled on other grounds, Halstead
v. State, 891 S.W.2d 11 (Tex. App.CAustin
1994, no pet.).





[3]  In Holmes, the Supreme Court held that the
arbitrary exclusion of defense evidence violates a criminal defendant=s Fourteenth Amendment due process right to present a
complete defense.  547 U.S. at 324-31.





[4]  Defense counsel specifically argued that the
evidence of other sexual encounters suggested that (1) complainant Amay not have been perhaps as distraught as would
ordinarily be suggested or thought of as a result of being sexually assaulted,@ and (2) complainant=s behavior when she told her father about the assault may have been in
part due to the subsequent sexual encounter and not just the assault.





[5]  Appellant additionally argues that A[e]ven without reliance on Holmes, abuse of
discretion is evident.@  He then cites several cases that he Areadily concedes . . . were written long before Rule
412 was ever created.@  He does not, however, identify any section of Rule
412 as requiring admission of the evidence other than 412(b)(2)(E), which
provides for admission of evidence Athat
is constitutionally required to be admitted.@ 
Because, as explained above, appellant did not make any constitutional
arguments in the trial court, we find that he did not preserve them for appeal.