Affirmed and Memorandum Opinion
filed March 1, 2011

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00666-CR



Lisa Michelle
Reed, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 248th District Court

Harris County, Texas

Trial Court
Cause No. 1163746



 

MEMORANDUM OPINION 

Appellant Lisa Michelle Reed appeals her conviction
for engaging in organized crime and sentence of four years’ incarceration.  In
three issues, appellant claims that she received ineffective assistance of
counsel and her sentence constitutes cruel and unusual punishment.  We affirm.  

Background

The State charged appellant with engaging in
organized crime, specifically, delivering a prescription or prescription forms
for a controlled substance for other than a valid medical purpose in the course
of professional practice.  Appellant pleaded “no contest” to the charge without
an agreed recommendation from the State on punishment.  The case was set for a
presentence investigation (PSI) hearing.  

At the PSI hearing, Charles Ewing testified that he
bought prescriptions from the B & R Clinic.  Hilton Rogers owned the
clinic.  Appellant worked at the clinic as a file clerk and later as the
officer manager.  Ewing testified that four to six times a week for two years,
he would give either appellant or Rogers copies of fifty identification cards
or drivers licenses in exchange for fifty prescriptions.  Ewing paid $60 for
each prescription, or $3,000 for the fifty prescriptions.  After Ewing picked
up the prescriptions from the pharmacy, he sold the pills.  Although the clinic
was closed for a year between the time appellant and Rogers were charged with
engaging in organized criminal activity and Ewing was charged with possession
of a controlled substances, Ewing stated that he continued to meet with
appellant and Rogers to buy prescriptions from them.  

At the conclusion of the PSI hearing, the trial court
sentenced appellant to four years’ incarceration and stated that it would
consider shock probation in less than six months.[1]  In this
appeal, appellant asserts that she received ineffective assistance of counsel
because her attorney did not (1) adequately explain the consequences of a plea
of no contest, (2) file a motion to sever her PSI hearing from Rogers’s hearing,
or (3) object to her sentence as cruel and unusual punishment.  Appellant
further claims that her sentence constitutes cruel and unusual punishment.  

Cruel and Unusual Punishment

In her third issue, appellant contends that her
four-year sentence is cruel and unusual in violation of the Eighth Amendment to
the United States Constitution because she was eligible for probation.  See
U.S. Const. amend. VIII.  Because
appellant’s claim of cruel and unusual punishment is also the basis of her
claim for ineffective assistance of counsel with regard to trial counsel’s
failure to object to her sentence, we address her third issue first.  

Almost every right, constitutional or statutory, may
be waived by failing to object.  Broxton v. State, 909 S.W.2d 912, 918
(Tex. Crim. App. 1995); Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim.
App. 1986).  Specifically, an objection based on cruel and unusual punishment
must be made in the trial court or it is waived on appeal.  Curry v. State,
910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Nicholas v. State, 56 S.W.3d
760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  Appellant did not
object to appellant’s sentence at the PSI hearing or in her motion for new
trial.  Appellant filed a motion for reconsideration or reduction of sentence
but did not raise an Eighth Amendment complaint.  Appellant concedes that
failing to object in the trial court to punishment as cruel and unusual waives
a complaint on appeal.  However, citing Rule 103(d) of the Rules of Evidence,
appellant requests that this court review her sentence because nothing in the
rules precludes this court from taking notice of fundamental errors affecting
substantial rights not brought to the attention of the trial court.  See
Tex. R. Evid. 103.  Appellant
cites no authority to support her contention in the face of well-settled
authority that a claim of cruel and unusual punishment must first be asserted
in the trial court or it is waived on appeal.  See Tex. R. App. P. 38.1(i).  

Even if appellant had preserved error, we cannot
conclude that her sentence is disproportionate to the offense for which she was
charged.  Punishment assessed within the statutory limits is generally not
cruel and unusual punishment.  Samuel v. State, 477 S.W.2d 611, 614
(Tex. Crim. App. 1972).  Appellant was convicted of engaging in organized
criminal activity, a second degree felony with a punishment range of two to twenty
years in prison and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.33 (West Supp. 2009); Tex. Penal Code Ann. § 71.02 (West Supp.
2009).  The trial court sentenced appellant to four years in prison and stated
that it would consider shock probation in less than six months.  Therefore, appellant’s
sentence falls well within the statutory limits.  

Appellant, however, contends that her sentence is
grossly disproportionate to the crime when compared to the gravity of the
offense.  In Solem v. Helm, the United States Supreme Court held that
criminal sentences must be proportionate to the crime and that even a sentence
within the statutorily prescribed range may violate the Eighth Amendment.  See
463 U.S. 277, 290 (1983).  The Court set forth three objective criteria by
which reviewing courts should analyze proportionality claims: “(i) the gravity
of the offense and the harshness of the penalty; (ii) the sentences imposed on
other criminals in the same jurisdiction; and (iii) the sentences imposed for
commission of the same crime in other jurisdictions.”  Id. at 292.  In conducting
an Eighth Amendment proportionality analysis, we first make a threshold
comparison of the offense against the severity of the sentence.  McGruder v.
Puckett, 954 F.2d 313, 316 (5th Cir. 1992); Harris v. State, 204
S.W.3d 19, 29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  Only upon
determining that the sentence is grossly disproportionate do we then consider
the two remaining Solem factors—sentences imposed in the same and other
jurisdictions.  McGruder, 954 F.2d at 316; Harris, 204 S.W.3d at
29.  

Appellant contends that the record reflects that
Rogers was the “mastermind” of the scheme, while she was merely his employee,
having a lesser role in operating the clinic.  Appellant further claims there
is no evidence that she profited from the scam other than to receive her
paycheck.  Furthermore, appellant had no prior felony convictions or prior
probations and was eligible for probation.  

However, appellant pleaded no contest to the offense
of selling Hydrocodone prescriptions for profit and admitted that she had
“committed the offense.”  In January 2007, alone, the clinic made prescription
requests for over 200,000 dosage units of Hydrocodone.  The scheme was in place
for over two years, and appellant worked at the clinic for two and one-half
years even though she knew it “was not being run right.”  Appellant knew that
preprinted, presigned prescription forms were being faxed to pharmacies without
the clinic having seen those patients.  Appellant also testified that she faxed
the prescriptions to the pharmacies.  Appellant continued to participate in the
crime even after she had been indicted.  

Eligibility for probation does not affect the
established rule that a punishment within the statutory range is not cruel and
unusual punishment.  See Cadieux v. State, 711 S.W.2d 92, 95 (Tex.
App.—Austin 1986, pet. ref’d) (finding no basis from departing from general
rule that punishment assessed within statutory limits is not cruel and unusual
even though appellant was high school graduate, had honorable military record,
and was eligible for probation); Combs v. State, 652 S.W.2d 804, 806
(Tex. App.—Houston [1st Dist.] 1983, no pet.) (holding punishment, which was
within statutory limits, was not cruel and unusual even though appellant was
eligible for probation and had never been convicted of any felony).  

We conclude that appellant’s sentence of four years’
incarceration is not grossly disproportionate to the offense of engaging in
organized criminal activity.  Because we have found the sentence not grossly
disproportional, we need not evaluate appellant’s sentence under the two
remaining Solem factors.  See Harris, 204 S.W.3d at 29.  We
overrule appellant’s third issue.  

Ineffective Assistance of Counsel

Failure to
Explain Consequences of Plea

            In her first issue,
appellant contends that she received ineffective assistance of counsel because
her trial counsel did not adequately explain the consequences of a “no contest”
plea.  Both the United States and Texas Constitutions guarantee an accused the
right to assistance of counsel.  U.S. Const.
amend. VI; Tex. Const. art. I, §
10; see also Tex. Code Crim.
Proc. Ann. art. 1.051 (West Supp. 2009).  This right necessarily
includes the right to reasonably effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668, 686 (1984).  To prevail on an ineffective
assistance claim, the appellant must show that (1) counsel’s performance was
deficient by falling below an objective standard of reasonableness and (2)
there is a probability, sufficient to undermine the confidence in the outcome,
but for counsel’s unprofessional errors, the result of the proceeding would
have been different.  Cannon v. State, 252 S.W.3d 342, 348–49 (Tex.
Crim. App. 2008).  The defendant must prove ineffectiveness by a preponderance
of the evidence.  Perez v. State, 310 S.W.3d 890, 893 (Tex. Crim. App.
2010).  

            The right to reasonably
effective assistance of counsel applies to the defendant’s entry of a guilty
plea.  Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).  When
a defendant enters a plea and later challenges the voluntariness of that plea
based on ineffective assistance of counsel, the voluntariness of her plea
depends on (1) whether counsel’s advice was within the range of competence
demanded of attorneys in criminal cases and, if not, (2) whether there is a
reasonable probability that, but for counsel’s error, the defendant would not have
pleaded guilty and would have insisted on going to trial.  Id.  

Review of counsel’s representation is highly
deferential, and the reviewing court indulges a strong presumption that
counsel’s conduct fell within a wide range of reasonable representation.  Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  In the majority of
cases, the record on direct appeal is undeveloped and cannot adequately reflect
the motives behind trial counsel’s actions.  Mallett v. State, 65 S.W.3d
59, 63 (Tex. Crim. App. 2001); see also Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005) (“‘[T]rial counsel should ordinarily be
afforded an opportunity to explain his actions before being denounced as
ineffective.’” (quoting Rylander v. State, 101 S.W.3d 107, 111 (Tex.
Crim. App. 2003))).  To overcome the presumption of reasonable professional
assistance, any allegation of ineffectiveness must be firmly founded in the
record, and the record must demonstrate the alleged ineffectiveness.  Salinas,
163 S.W.3d at 740.  When the record is silent as to trial counsel’s strategies,
we will not conclude that counsel’s performance was deficient “unless the
challenged conduct was ‘so outrageous that no competent attorney would have
engaged in it.’”  Goodspeed, 187 S.W.3d at 392 (quoting Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).  

A plea of guilty is not voluntarily made as result of
ineffective assistance of counsel.  Ex parte Battle, 817 S.W.2d 81, 83
(Tex. Crim. App. 1991); Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim.
App. 1980).  Trial counsel who fails to inform a defendant about the direct,
punitive consequences of a guilty plea provides ineffective assistance.  Arreola
v. State, 207 S.W.3d 387, 392 (Tex. App.—Houston [1st Dist.] 2006, no
pet.).  

“Due process requires that each defendant who pleads
guilty does so with a ‘full understanding of the charges against him and the
consequences of his plea.’”  Burke v. State, 80 S.W.3d 82, 93 (Tex.
App.—Fort Worth 2002, no pet.) (op. on reh’g) (quoting Basham v. State,
608 S.W.2d 677, 678 (Tex. Crim. App. 1980)). Article 26.13 of the Texas Code of
Criminal Procedure requires the trial court to give certain admonishments,
including the range of punishment, before accepting a plea of guilty or nolo
contendere.  Tex. Code Crim. Proc. Ann.
art. 26.13(a) (West Supp. 2009).  Moreover, the trial court may not accept a
plea of guilty or nolo contendere unless it appears that the defendant is
mentally competent and the plea is free and voluntary.  Id. art.
26.13(b).  A record that indicates the defendant was duly admonished before
entering a guilty plea presents a prima facie showing the plea was both knowing
and voluntary.  Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998). 

Appellant acknowledges that she signed the trial
court’s admonishments that she understood the range of punishment for the
charged offense was two to twenty years’ incarceration, with a fine not to
exceed $10,000, but contends that the record reflects that she did not
understand the consequences of a “no contest” plea.  Appellant asserts that her
statements in the PSI report—that she did what she was told to do, did not hire
or fire employees, and had no knowledge regarding “how a pain manage[ment]
clinic was supposed to be run”— show that she was maintaining her innocence.  However,
on the same day she made these statements for the PSI report, she signed the
plea form, stating “I committed this offense along with Craig Johnson.”  During
the PSI hearing, appellant testified that she pleaded no contest because she
was “not going to plead guilty to something [she] did not do.”  Appellant
further asserted that the State could not prove the charges against her
“because [she] didn’t do anything.”  Notwithstanding her intermittent
assertions of innocence, appellant understood that she was “here to be
sentenced to a term of punishment for [her] participation in B&R Clinic,”
and the hearing was not “a trial to find [her] guilty or not guilty.  [She was]
being punished.”  

The plea papers in the record also reflect that the
trial court admonished appellant, among other things, that she had been accused
of engaging in organized criminal activity; she was “pleading guilty” to that
offense, and the range of punishment was two to twenty years’ confinement and a
fine of up to $10,000.  The trial court further stated that “[a]fter [it]
admonished the defendant of the consequences of [her] plea, [it] ascertained
that [she] entered it knowingly and voluntarily after discussing the case with [her]
attorney.”  

Appellant also signed the admonishment papers, stating
the following:

·       
I am mentally competent.  I understand the charge(s) against me,
and I understand the nature of these proceedings. I am freely and voluntarily
pleading no contest.  

·       
I have read, and I understand the admonishments set out above.  I
understand my plea’s consequences.  

·       
I have consulted my attorney and freely and voluntarily executed
this document in open court.  

·       
I read and write English.  I have read and I understand this
document, the Waiver of Constitutional Rights, Agreement to Stipulate, Judicial
Confession and Plea of No Contest in this case.

We presume that recitals in court documents are
correct unless the record affirmatively shows otherwise.  Breazeale v. State,
683 S.W.2d 446, 450 (Tex. Crim. App. 1984).  There is nothing in the record to
show that trial counsel did not advise appellant of the consequences of
pleading no contest.  Based on this record, we cannot conclude that appellant’s
trial counsel was deficient.  See Salinas, 163 S.W.3d at 740 (explaining
that any allegation of ineffectiveness must be firmly founded in record, and
record must affirmatively demonstrate any alleged ineffectiveness).  We
overrule appellant’s first point of error.  

Failure to
File Motion to Sever

In her second issue, appellant contends that she
received ineffective assistance of counsel because defense counsel failed to
file a motion to sever her PSI hearing from Rogers’s hearing.  

Article 36.09 of the Texas Code of Criminal Procedure
provides that the trial court has the discretion to grant or refuse a motion to
sever unless the co-defendant has an admissible prior conviction, or a joint
trial would prejudice the moving defendant.  Tex.
Code Crim. Proc. Ann. art. 36.09 (West 2007); Qually v. State,
206 S.W.3d 624, 631 (Tex. Crim. App. 2006).  Appellant contends that trial
counsel should have filed a motion to sever because of co-defendant Rogers’s
criminal record—two prior deferred adjudications for burglary and fraud and a
charge for aggravated assault.  Appellant asserts that trial counsel could have
easily discovered Rogers’s criminal record with minimum investigation.  

There is nothing in the record demonstrating that appellant’s
counsel was not aware of, or did not investigate, Rogers’s criminal background.
 This complaint was not raised in the trial court by motion for new trial. 
Therefore, the record is silent as to trial counsel’s reasons for not moving to
sever the PSI hearings.  See Miles v. State, 644 S.W.2d 23, 25 (Tex.
App.—El Paso 1982, no pet.) (“[T]here could be trial strategy in trying someone
with a clean record in a case with a person with prior convictions in hopes of
receiving a lighter sentence.”).  To find that trial counsel was ineffective
based on this assertion would call for speculation about why counsel failed to
move to sever.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994); see also Tong v. State, 25 S.W.3d 707, 714 (Tex. Crim. App.
2000) (“[W]ithout some explanation as to why counsel acted as he did, we
presume that his actions were the product of an overall strategic plan.”).  Further,
we note that appellant employs on appeal a similar strategy of comparing her
level of culpability to that of Rogers, whom she portrays as the “mastermind”
of the scheme.  Based on this record, appellant has failed to rebut the strong
presumption in favor of effectiveness of counsel, and we cannot conclude that
counsel’s performance was deficient.  We overrule appellant’s second issue with
regard to trial counsel’s failure to file a motion to sever.  

Failure to
Object to Sentence

In her second issue, appellant also claims she
received ineffective assistance of counsel because trial counsel failed to
object to her four-year prison sentence as cruel and unusual punishment.  Before
this court may conclude that trial counsel was ineffective for failing to
object to appellant’s sentence, appellant must show that if counsel had
objected, the trial court would have erred in overruling the objection.  See
Jacoby v. State, 227 S.W.3d 128, 131 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d); Jagaroo v. State, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th
Dist.] 2005, pet. ref’d).  As previously addressed in connection with
appellant’s third issue, appellant’s sentence falls within the statutory
guidelines for the charged offense and, therefore, is not cruel and unusual.  See
Samuel, 477 S.W.2d at 614.  Moreover, appellant’s sentence was not
disproportionate to the crime committed.  Therefore, the record shows that had
trial counsel objected to appellant’s four-year prison sentence, the trial
court would not have erred in overruling such objection.  We overrule appellant’s
second issue with regard to trial counsel’s failure to object to her sentence. 


Having overruled all of appellant’s issues, we affirm
the judgment of the trial court.  

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The trial court conducted Rogers’s PSI hearing in the same proceeding and
assessed Rogers’s punishment at seven years’ incarceration.