**Opinion issued October 8, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00165-CR

———————————

**CARLOS CARDENAS HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Cause No. 2010R-0113**

## MEMORANDUM OPINION

A jury convicted appellant Carlos Cardenas Hernandez of aggravated assault. *See* TEX. PEN. CODE ANN. § 22.02 (West 2013). The appellant pleaded true to four enhancement allegations, and the jury found that he used a deadly weapon in the commission of the offense. *See* TEX. PEN. CODE ANN. § 12.42(d)

(West Supp. 2012).  The jury assessed a punishment of 90 years in prison.  In his sole appellate issue, the appellant contends that the trial court abused its discretion by not allowing him to present evidence of allegations that his daughter was raped by the complainant in 1999, a fact that he contends he learned about four months before the assault.  Because this complaint was not preserved for appellate review, we affirm the trial court's judgment.

**Background**

On October 21, 2010, Carlos Hernandez and his brothers Daniel and Henry were sitting in cars drinking beer.  Daniel and Henry were in Daniel's car, and Carlos was in his car.  According to Daniel and Henry, Carlos got out of his car and approached the other car on the driver's side where Daniel was sitting.  As Daniel reached into the back of his car to grab a beer for him, Carlos stabbed him in the shoulder.  Carlos also stabbed Daniel in the throat and attempted to stab him several more times.  In addition, Daniel received a cut to his hand when he attempted to grab the knife from Carlos.  Henry then confronted Carlos, who chased him down the driveway.  Daniel and Henry escaped and called the police.  Daniel received life-saving emergency care, but he suffered permanent damage from his injuries.

Before trial, the State made an oral motion in limine regarding any proposed testimony that Daniel had raped Carlos's daughter.  Although the alleged rape was

2

said to have happened more than 10 years before the assault in this case, Carlos claimed that he learned of it only four months before the assault. The State argued that it had "some concerns because . . . in one of the statements [Carlos] gave in this case, he indicated that his motive for this act was because his brother, Daniel, the victim, has raped [his] daughter." The State requested that no evidence pertaining to the alleged rape be heard without a hearing on its admissibility, arguing that it was inadmissible because the allegation was false and could not be proven beyond a reasonable doubt, because the alleged extraneous offense was too remote, and because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

Carlos argued only that he had a general right to introduce any evidence that he believed would be helpful to his defense; he did not argue that the evidence was relevant to any specific defensive theory or affirmative defense.

The trial court granted the motion in limine, and it instructed the parties that they could not mention the alleged rape at trial, but they could ask the trial court to revisit the issue depending upon the other evidence introduced in the course of the trial. Carlos did not raise the issue again during the guilt-or-innocence phase of trial; rather he did not seek a ruling on the admissibility of evidence of the alleged rape until the punishment phase of trial. The trial court allowed testimony on the matter for the punishment phase, emphasizing the admissibility of the evidence for

that phase as relevant to Carlos's state of mind at the time of the assault. Carlos testified that either Henry had stabbed Daniel or he had stabbed himself to avoid going to jail because Carlos had threatened to report the alleged rape to the police.

Finding that the four enhancement allegations were true and that the offense was committed with a deadly weapon, the jury assessed punishment of 90 years in prison. Carlos appealed.

## Analysis

Carlos did not assert an affirmative defense or present an alternative account of events during the guilt-or-innocence phase of trial. In his closing argument, his counsel argued that there was reasonable doubt as to the events as alleged, requiring an acquittal. In his sole issue on appeal, Carlos argues that the trial court denied him a fair trial and due process of law by granting the State's motion in limine, thereby allegedly preventing him from presenting evidence that Daniel raped his daughter.

Rule 33 of the Texas Rules of Appellate Procedure provides the basic rule for preservation of error:

> As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> (1) the complaint was made to the trial court by a timely request, objection, or motion that:
>
> > (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make

the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a). "Error may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." TEX. R. EVID. 103(a)(2); *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009). "The primary purpose of the offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful." *Holmes*, 323 S.W.3d at 168. Error in the exclusion of evidence may also be preserved by a bill of exception. TEX. R. APP. P. 33.2; *see Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999) ("Error in the exclusion of evidence may not be urged unless the proponent perfected an offer of proof or a bill of exceptions.").

Unlike a ruling on the admissibility of evidence, a motion in limine is "a method of raising objection to an area of inquiry prior to the matter reaching the

5

ears of the jury through a posed question, jury argument, or other means." *Geuder v. State*, 115 S.W.3d 11, 15 (Tex. Crim. App. 2003) (quoting *Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975)); *see Thierry v. State*, 288 S.W.3d 80, 86 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). By its nature, a ruling on a motion in limine is subject to reconsideration because parties may not enforce it to exclude properly admissible evidence. *Thierry*, 288 S.W.3d at 86. A motion in limine does not exclude evidence; rather, it merely requires parties to approach the trial court for a definitive ruling before attempting to put on evidence within the scope of the motion. *Id.* at 86. "A ruling on a motion in limine is not a ruling on the merits but one which regulates the administration of a trial." *Id.* at 87. The grant or denial of a motion in limine does not preserve error. *Id.* "From the mere granting of a motion in limine, it is not possible for the reviewing court to know what specific evidence has been excluded." *Basham v. State*, 608 S.W.2d 677, 679 (Tex. Crim. App. 1980).

The State moved in limine with regard to anticipated testimony that Daniel raped Carlos's daughter, requesting that "the Court . . . not let anything about that be heard and not have the defense attorney or the defendant bring that up without a hearing on whether or not that act is admissible." The motion was merely a request that parties not be allowed to mention the alleged rape without a hearing and ruling on the admissibility of the evidence. *See Geuder*, 115 S.W.3d at 14.

The trial judge expressly acknowledged that this was a preliminary ruling and that he might change his mind on the admissibility of the evidence over the course of the trial if the issue were to be raised again. The court's ruling on the motion in limine preserved nothing for appeal. *See id.*

To preserve the issue of the admissibility of evidence governed by a motion in limine for appeal, a party must attempt to submit specific evidence at trial and receive a ruling on its admissibility. *Basham*, 608 S.W.2d at 679. "It is upon reconsideration and the offer and exclusion of evidence that the record is made to show what in fact was excluded from presentation to the jury, and it is upon such a record that the reviewing court must make its determination of whether reversible error was committed." *Id.*

At no point during the guilt-or-innocence phase of the trial did Carlos attempt to introduce evidence about the alleged rape by asking the court for a hearing or ruling on the admissibility of the evidence. Trial counsel mentioned the motion in limine twice at trial, but he did not request a ruling on the admissibility of any specific evidence until the punishment phase of the trial. In the absence of a trial court ruling on the admissibility of evidence pertaining to the alleged rape, we hold that Carlos's issue is not preserved for appellate review. *See id.* We overrule his sole issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice


Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.7.