Charles **NORMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49973.

Court of Criminal Appeals of Texas.

June 4, 1975.

Wayne Bagley, Amarillo, for appellant.

Tom Curtis, Dist. Atty., John J. Wheir, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of bookmaking; punishment was assessed at eight months in jail and a fine of one thousand dollars.

In his only ground of error, appellant asserts the trial court erred in granting the State's motion in limine limiting cross-examination of a State witness. In ruling upon the motion, the trial court explained its ruling as follows, indicating the proper purpose of a motion in limine:

"I will grant the motion until the Defendant approaches the bench and gives me a chance to rule on it outside the presence of the jury.

\* \* \* \* \* \*

"Counsel, I'm not telling you that if you will present this to me outside the hearing of the jury it won't be admissible, that's not what I'm saying. I am simply saying I want to hear it outside the presence of the jury before you go into it."

The record reflects that the following constituted the only further consideration of the subject matter of the motion in limine:

"[Defense counsel]: Your Honor, may we approach the bench?

"THE COURT: You may.

"(The following proceedings were had at the bench out of the hearing of the jury.)

"[Defense counsel]: Your Honor, I want to go into him being fired from the Police Department in Sayre.

"THE COURT: Well, I think that's in the Motion in Limine, and I will stand with the motion, counsel.

"[Defense counsel]: Note our exception.

"THE COURT: I will stand with the previous ruling."

■ The purpose of a motion in limine is to prevent particular matters from coming before the jury. It is, in practice, a method of raising objection to an area of inquiry prior to the matter reaching the ears of the jury through a posed question, jury argument, or other means. As such, it is wider in scope than the sustaining of an objection made after the objectionable matter has been expressed. However, it is also, by its nature, subject to reconsideration by the court throughout the course of the trial. This is because it may not be enforced to exclude properly admissible evidence.

■ From the *mere* granting of a motion in limine, it is not possible for the reviewing court to know what, if any, specific evidence or other matters have been excluded.[1] It is upon a reconsideration and the offer and exclusion of specific matter that the record is made to show what in fact was excluded from presentation to the jury, and it is upon such a record that the reviewing court must make its determination of whether reversible error is reflected in the record. Consequently, it is not the granting of a motion in limine which constitutes the basis for complaint on appeal, particularly since such disposition of the motion is subject to reconsideration upon tender of admissible evidence; it is, rather, the exclusion of the particular matter offered with the request for reconsideration which must be the basis for complaint on appeal.[2]

■ The record in the instant case does not reflect a tender and exclusion of particular evidence. There is no showing of what *evidence*, if any, was improperly excluded. Counsel merely requested to go into matters within the scope of the motion without showing what evidence he would have presented to the jury. Nothing is presented for review.

The judgment is affirmed.

ONION, Presiding Judge (concurring).

I concur in the affirmance of this conviction, but would do so upon the basis that appellant failed to perfect his bill of exception and would not engage in an unnecessary discussion of the purpose of a motion in limine and other matters not germane here.

Appellant's punishment was assessed at eight (8) months in jail and at a fine of $1,000 by the jury following his conviction for bookmaking.

In his sole ground of error appellant complains of the court's action in sustain-

---

1. The ruling of a court on a motion in limine is not within the scope of the rule of Article 40.09(6)(d)(3), Vernon's Ann.C.C.P., which provides that an objection "to offered evidence out of the presence of the jury" need not be "renewed in the presence of the jury." Powers v. State, Tex.Cr.App., 456 S.W.2d 97, is not in conflict with the rule announced here. Involved there was the admissibility of specific evidence, which is precisely what is not the case here. This is one distinction between a motion in limine and a motion to suppress.

2. In Brazzell v. State, Tex.Cr.App., 481 S.W.2d 130, 131, this Court said:

" . . . Generally, a motion *in limine* will not preserve error to the admission of inadmissible evidence. The violation of a motion *in limine* may entitle a party to relief, but any remedies available with regard to such a violation are with the trial court. If its order has been violated, the trial court may apply the sanctions of contempt or take other appropriate action. But for error to be preserved on appeal with regard to the admission of inadmissible evidence, objection thereto should be made at the time the evidence is offered."

ing the State's motion limiting the cross-examination of Glen Charles Hill, a witness for the prosecution.

The record reflects that Hill, while working as an undercover agent for the Amarillo Police Department, made the case against the appellant and was thus the State's material witness.

Prior to trial the State filed at least three motions in limine, requesting in the first that defense counsel be instructed not to mention, refer or allude to "any alleged action of misconduct, if any, on the part of" Hill, "which did not result in a conviction in a court of record for a crime involving moral turpitude" and further requested counsel be instructed not to refer to "the sentence" in the State v. Bluejacket case. The other two motions in limine by the State asked that defense counsel be instructed not to elicit the "results" of the Phillips case or the "disposition" of the Bewley case.

The court entered a written order granting all three motions. It also orally granted the three motions before the commencement of trial, stating when counsel asked for a clarification as to the motions as to Bewley and Phillips, "Well, am I correct that Bewley was dismissed and that Phillips was acquitted?" The prosecutor replied in the affirmative. In connection with the first motion mentioned, the court stated:

"Counsel, I'm not telling you that if you will present this to me outside the hearing of the jury it won't be admissible, that's not what I'm saying. I am simply saying I want to hear it outside the presence of the jury before you go into it. I would like to have your cases, counsel."

On cross-examination of Hill appellant established that, among other places, Hill had lived in Sayre, Oklahoma, where he had been employed by the police department for "not quite a month." At this point appellant's counsel approached the bench and stated, out of the hearing of the jury, "Your Honor, I want to go into him being fired from the Police Department in Sayre." The court indicated, "I will stand with the Motion (in limine)," to which action the appellant excepted. At no time did the appellant by informal bill of exception, offer proof by a concise statement with the court's approval (Article 40.09, Sec. 6(d)(1), Vernon's Ann.C.C.P.), or otherwise show what the excluded testimony would have been if he had been permitted to elicit it in the jury's presence. This court is thus not in a position to review appellant's contention. See Hicks v. State, 493 S.W.2d 833 (Tex.Cr.App.1973).

Appellant asserts in his brief that Hill was fired from his employment with the Sayre, Oklahoma Police Department because of his involvement with burglaries. It is well established that this court cannot accept as fact allegations or assertions in an appellate brief which are not supported by the record. Washington v. State, 500 S.W.2d 485 (Tex.Cr.App.1973); Devereaux v. State, 473 S.W.2d 525 (Tex.Cr.App.1971).

It would be on this basis that I would affirm the case.

I would pretermit any discussion about the purpose of a motion in limine, for its discussion is totally unnecessary to the proper disposition of the case. This case simply does not turn on whether the *State* filed a motion in limine. Just why the majority reaches out and attempts to discuss the purpose of such motion and seemingly attempts to limit the scope of such motion is not clear. Nor would I gratuitously hold that a ruling on a motion in limine is not such an objection which need not be renewed in the presence of the jury. See Article 40.09(6)(d)(3), Vernon's Ann.C.C.P. In the instant case, the *State's* motion

in limine was granted and there was no testimony offered out of the jury's presence to which there had been an objection as contemplated by the above mentioned statute. Here, the motion in limine, as granted, prevented the appellant from offering certain testimony before the jury without first obtaining the approval of the court. The appellant's counsel did approach and request to elicit or attempt to elicit the testimony desired; the court refused. Under this fact situation, it puzzles this writer as to just why the majority would add footnote #1 to its opinion. It does not fit the facts of this case. If the majority means to hold that where the defendant, as opposed to the State, makes a motion in limine which is granted the defendant still must object if the State violates such ruling on the motion in limine during the trial on the merits, why make such holding where that is not the fact situation?

But again, even where those were the facts, the favorable ruling on the defendant's motion in limine might not necessarily relate to or involve objected to evidence offered out of the presence of the jury, and, even if it did, why make a distinction between where evidence is offered out of the jury's presence on a motion in limine or other occasions where the evidence is offered out of the jury's presence? Why so limit Article 40.09(6)(d)(3), supra? I am at a loss to understand why the provisions of this statute were injected into this case or why there had to be a discussion of the purpose of a motion in limine at all.

I concur in the result only.

MORRISON, J., concurs in this opinion.

DOUGLAS, Judge (concurring).

I concur in the result reached for the sole reason that appellant did not show what evidence was excluded.