TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00462-CR






Melissa Ann Baker, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8635, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING







 Appellant, who was sixteen years of age at the time of the offense, was charged
with murder and pleaded not guilty. (1) After a hearing in juvenile court, the case was transferred
to district court where a jury found appellant guilty and assessed punishment at confinement for
fifteen years. In three issues on appeal, appellant contends that the evidence was legally
insufficient to support the verdict; that the trial court erred in refusing to allow her to present
evidence regarding the character of the victim; and that she was entitled to a jury charge on the
issue of self-defense. We affirm the conviction.

BACKGROUND


 On August 26, 1996, Donielle Haywood was fatally stabbed in an apartment
belonging to Tammy Barnes. Earlier that evening, Donielle had dinner at Barnes's apartment with
his girlfriend, appellant Melissa Baker, Barnes, Stephanie Swartz, and Larry Haywood. After
dinner, Barnes, Swartz, and Larry Haywood left the apartment to purchase alcohol, leaving
appellant and Donielle Haywood at the apartment with Swartz's one-year-old son. Two witnesses
testified that appellant asked not to be left alone with Donielle. Both witnesses also testified that
appellant did not appear to be scared. 

 Shortly after the three left the apartment, Isaac Hughes entered the apartment to
borrow a cigarette from Donielle Haywood. Hughes testified that appellant appeared intoxicated
and there was some question as to whether appellant and Donielle Haywood were "tussling" at
that time. Hughes left the apartment, and sometime later appellant exited the apartment saying
that she had "stabbed him." This statement was heard by several individuals, including Hughes,
who were lingering in front of the building. Hughes entered the apartment and found Donielle
Haywood lying on the bedroom floor, clutching his chest. There was a bloody knife on the floor,
next to the body. Hughes went to the neighbor's apartment and called 911.

 The scene then became chaotic as several neighbors entered the apartment and
attempted to revive the deceased. During this time, appellant was hysterical and repeatedly tried
to get near the body. Appellant stated that she did not stab the deceased and that Swartz and
Larry Haywood "did it." Appellant was hit by at least two neighbors, physically thrown out of
the bedroom, and ultimately restrained by Officer Carnes, the first officer to arrive on the scene. 
During this time, EMS also arrived. A medic and two police officers moved the bed and the body 
to facilitate treatment of the victim. Donielle Haywood was pronounced dead at the scene.

 The police retrieved a black-handled kitchen knife covered with blood from the
bedroom. The police also documented numerous bruises and scrapes on appellant's body. A
DNA analyst later determined that the blood on the knife could have come from the deceased and
could not have come from appellant. The medical examiner testified that the cause of death was
a stab wound to the heart and chest and that the kitchen knife found at the scene would have been
capable of inflicting the victim's wound.


DISCUSSION


 In her first issue, appellant contends that the evidence was legally insufficient to
support her conviction for murder. In evaluating the legal sufficiency of evidence, we consider
the evidence in the light most favorable to the prosecution to determine whether any rational trier
of fact could have found all elements of the offense beyond a reasonable doubt. We do not
consider whether we believe that the evidence in the record establishes guilt beyond a reasonable
doubt, but whether any rational trier of fact could have found guilt beyond a reasonable doubt. 
See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159
(Tex. Crim. App. 1981). The standard of review is the same for both direct and circumstantial
evidence cases. See Chambers v. State, 711 S.W.2d 240, 244-45 (Tex. Crim. App. 1986).

 The State provided testimony establishing appellant's presence alone in the
apartment with Donielle Haywood and the one-year-old child immediately before Donielle was
found stabbed in the chest. On the night in question, a group of men, including Isaac Hughes,
Lyn Aldridge, Isaac McMarion, Eric Thompson, and David Taylor, spent the evening standing
near the entrance to Tammy Barnes's apartment and witnessed the departure of Barnes, Swartz,
and Larry Haywood from the apartment. These individuals also testified to seeing Isaac Hughes
then enter the apartment and return after several minutes. They each testified to seeing appellant
leave the apartment about twenty minutes later stating various versions of "I got him" and "I
stabbed him good." Hughes testified that upon hearing appellant's statements, he ran to the
apartment to find Donielle Haywood lying on the floor in the apartment and clutching his chest,
with a knife on the floor next to him. The medical examiner testified that Haywood's death was
caused by a stab wound to the chest.

 Appellant contends that because she accused Swartz and Larry Haywood of
stabbing the victim shortly after stating that she stabbed him, no rational trier of fact could have
found that her alleged admissions substantiated a finding of guilt beyond a reasonable doubt. We
disagree. The jury, as fact finder, is free to believe or disbelieve any portion of a witness's
testimony. See Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). Contradictions
in evidence are to be reconciled by the jury. See Bowden v. State, 628 S.W.2d 782, 784 (Tex.
Crim. App. 1982). Each fact need not separately and directly support a guilty finding; the
cumulative effect of all the evidence may be sufficient. See Alexander v. State, 740 S.W.2d 749,
758 (Tex. Crim. App. 1987). Based on the evidence submitted to the jury, a rational trier of fact
could have found that appellant committed an act clearly dangerous to human life by stabbing
Haywood in the chest with a knife; that she intended to cause serious bodily harm by doing so;
and that this stabbing resulted in his death. We hold that the evidence is legally sufficient to
sustain the conviction. We overrule appellant's first issue.

 In her second issue, appellant contends that the trial court erred in refusing to allow
her to present evidence relating to the character of the victim. Before trial, over appellant's
objection the court granted the State's motion in limine regarding evidence of the deceased's bad
character. (2) It is well-settled law that in order to preserve an objection to a pretrial motion, there
must be specific evidence presented by the defense during the trial in order for the reviewing court
to determine possible error. See Norman v. State, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975). 
This requirement ensures that the reviewing court has a detailed description of the excluded
evidence. See Basham v. State, 608 S.W.2d 677, 679 (Tex. Crim. App. 1980). This requirement
also provides the court with an opportunity to reconsider its ruling throughout the trial, as the
court may not be in a position to fully address the issue until the trial. See Norman, 523 S.W.2d
at 671; see also Armitage v. State, 637 S.W.2d 936, 938 (Tex. Crim. App. 1982).

 At the conclusion of the trial, appellant's counsel presented evidence regarding the
character of the deceased in the form of a bill of exceptions. Appellant's bill consisted of the live
testimony of four police officers that the victim's reputation in the community was bad. Two of
the officers also testified to his reputation for violent behavior. The court then asked defense
counsel which testimony appellant sought to offer into evidence. After a lengthy discussion,
defense counsel declined to answer and the court did not rule. (3) Preservation of error in excluding
evidence requires that there be an attempt at trial to offer the evidence and an adverse ruling. See
Norman, 523 S.W.2d at 671. It is the responsibility of the complaining party to obtain a ruling. 
See id. The State's motion in limine did not serve to exclude appellant's character evidence; it
only provided for a determination of admissibility of such evidence outside the presence of the
jury. It is clear from our review of the record that at no time did the court refuse to admit
appellant's character evidence of the victim, nor did the court refuse to rule on the offer. See
Tex. R. App. P. 33.1(a)(2)(B). Because counsel failed to specify the offer of proof and obtain
a ruling, there is nothing for us to review. We overrule appellant's second issue.

 In her final issue, appellant contends that the trial court erred in failing to charge
the jury on the issue of self-defense. Appellant relies on Texas Penal Code sections 9.31 and 9.32
relating to use of deadly force. See Tex. Penal Code Ann. §§ 9.31, 9.32 (West Supp. 2000). If
there is evidence from any source raising the issue of self-defense, the defendant is entitled to a
jury instruction on self-defense. See Hayes v. State, 728 S.W.2d 804, 807 (Tex. Crim. App.
1987). "In absence of evidence of use or attempted use of deadly force by the deceased, the
statutory defense permitted by § 9.32 is not available, and a defendant is not entitled to a jury
instruction." Werner v. State, 711 S.W.2d 639, 644 (Tex. Crim. App. 1986).

 Appellant argues that the cuts and bruises on her body and the testimony relating
to her request not to be left alone with the deceased in the apartment provide sufficient evidence
for a self-defense charge. These facts do not demonstrate that the deceased used or attempted to
use deadly force against appellant or that appellant had a reasonable belief that he would use
deadly force against her. There was no evidence in the record indicating that appellant's cuts and
bruises were inflicted by the deceased. Several witnesses testified to hitting appellant following
the stabbing. There was no evidence that the deceased ever harmed or threatened to harm
appellant, nor was there evidence that appellant asked not to be left alone with the deceased
because she feared violence from him. Although two witnesses testified to appellant's request not
to be left alone in the apartment, both witnesses stated that appellant did not appear frightened or
scared. Therefore, the evidence does not raise an issue as to whether there was an attack on
appellant immediately prior to her use of deadly force or whether she had a reasonable expectation
of such an attack immediately prior to her use of deadly force. See Cerda v. State, 557 S.W.2d
954, 958 (Tex. Crim. App. 1977). We hold that it was not error to refuse to charge the jury on
the issue of self-defense. We overrule appellant's final issue.

 Having overruled each of appellant's three issues, we affirm the trial court's
judgment.



 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 23, 2000

Do Not Publish

1. See Tex. Penal Code Ann. § 19.02 (West 1994). 
2. The State's motion requested that defense counsel be instructed to refrain from referring to
any prior arrests, acts of misconduct, or bad reputation of the deceased until the court made a
determination of admissibility outside the presence of the jury.
3. At the conclusion of the bill of exceptions, the following colloquy took place:


THE COURT: Do you want to put the evidence in front of this jury in this case,
"yes" or "no"?


[Defense Counsel]: I'd like for the court to make a ruling on whether the testimony
is admissible.


THE COURT: First of all, you have to tell me if you want to put the evidence
in front of the jury.


[Defense Counsel]: We can do this forever Your Honor.


THE COURT: That's the whole purpose of a proffer. The whole purpose of a
proffer is the judge won't let me do it, so this is what I wanted
to do, Appellate Court, and he wouldn't let me do it.


[Defense Counsel]: I think the record is clear and the Appellate Court knows what
you did and what was said.


THE COURT: All right. If you're satisfied, I'm satisfied, Mr. Washington.


 sections 9.31 and 9.32
relating to use of deadly force. See Tex. Penal Code Ann. §§ 9.31, 9.32 (West Supp. 2000). If
there is evidence from any source raising the issue of self-defense, the defendant is entitled to a
jury instruction on self-defense. See Hayes v. State, 728 S.W.2d 804, 807 (Tex. Crim. App.
1987). "In absence of evidence of use or attempted use of deadly force by the deceased, the
statutory defense permitted by § 9.32 is not available, and a defendant is not entitled to a jury
instruction." Werner v. State, 711 S.W.2d 639, 644 (Tex. Crim. App. 1986).

 Appellant argues that the cuts and bruises on her body and the testimony relating
to her request not to be left alone with the deceased in the apartment provide sufficient evidence
for a self-defense charge. These facts do not demonstrate that the deceased used or attempted to
use deadly force against appellant or that appellant had a reasonable belief that he would use
deadly force against her. There was no evidence in the record indicating that appellant's cuts and
bruises were inflicted by the deceased. Several witnesses testified to hitting appellant following
the stabbing. There was no evidence that the deceased ever harmed or threatened to harm
appellant, nor was there evidence that appellant asked not to be left alone with the deceased
because she feared violence from him. Although two witnesses testified to appellant's request not
to be left alone in the apartment, both witnesses stated that appellant did not appear frightened or
scared. Therefore, the evidence does not raise an issue as to whether there was an attack on
appellant immediately prior to her use of deadly force or whether she had a reasonable expectation
of such an attack immediately prior to her use of deadly force. See Cerda v. State, 557 S.W.2d
954, 958 (Tex. Crim. App. 1977). We hold that it was not error to refuse to charge the jury on
the issue of self-defense. We overrule appellant's final issue.

 Having overruled each of appellant's three issues, we affirm the trial court's
judgment.



 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 23, 2000

Do Not Publish

1. See Tex. Penal Code Ann. § 19.02 (West 1994). 
2. The State's motion requested that defense counsel be instructed to refrain from referring to
any prior arrests, acts of misconduct, or bad reputation of the deceased until the court made a
determination of admissibility outside the presence of the jury.
3. At the conclusion of the bill of exceptions, the following colloquy took place:


THE COURT: Do