In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00163-CR


______________________________




WILLIAM WAYNE PERRY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 32257-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 William Wayne Perry was charged with aggravated sexual assault of a child younger than
fourteen years of age and indecency with a child. A jury found him not guilty of aggravated sexual
assault and guilty of indecency with a child, and assessed punishment at twenty years' confinement. 
His appeal alleges the trial court erred in granting the State's motion in limine during the punishment
stage of the trial. Perry maintains the trial court precluded him from introducing evidence that an
alleged extraneous offense had been no-billed by a grand jury, resulting in the exclusion of relevant
testimony at the trial that differed from testimony given four years earlier. We affirm the judgment
of the trial court. 

Background

 The State gave Perry notice and a summary of evidence that it intended to introduce showing
that Perry sexually assaulted Jane Doe #3 during October 2002 in Upshur County, Texas. (1) During
the punishment hearing, the State offered the testimony of Jane Doe #3 and an outcry witness, the
mother of Jane Doe #3, concerning the alleged sexual assault of Jane Doe #3 occurring October 19
and 20, 2002. Perry objected that the probative value of such evidence was outweighed by its
prejudicial effect. Further, Perry asserted that the matter was presented to a grand jury and was no-billed. The court overruled the objection. The State then presented an oral motion in limine "as to
the fact that the case was no billed." The court granted the motion. The outcry witness testified that
her daughter reported Perry sexually assaulted her in October 2002. On cross-examination, the
witness acknowledged she reported this incident to the authorities. She was then asked, "Do you
know what happened with that investigation?" The State objected, after which an off-the-record
conference was conducted, but no further question was asked by counsel and no ruling was made
by the court. The State contends the alleged error is not preserved. We agree. 

Preservation of Error 

 To preserve error for appeal, a defendant must (1) object, (2) state the grounds with sufficient
specificity, and (3) obtain an adverse ruling. Tex. R. App. P. 33.1; see Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002). It is well settled that the granting of a motion in limine is not
sufficient to preserve error for review, but rather there must be a proper objection to the proffered
evidence. Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); McDuff v. State, 939
S.W.2d 607 (Tex. Crim. App. 1997); Webb v. State, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988). 

 A motion in limine seeks to exclude objectionable matters from coming before the jury
through a posed question, jury argument, or other means. Norman v. State, 523 S.W.2d 669, 671
(Tex. Crim. App. 1975). By its own nature it is wider in scope than the sustaining of an objection
made after the objectionable matter has been expressed. Id. Additionally, a motion in limine is
subject to reconsideration by the court at any time during trial because it may not be enforced to
exclude properly admissible evidence. Id. When the trial court grants a motion in limine, we do not
"know what, if any, specific evidence or other matters have been excluded." Id. It is the offer and
ultimate ruling to exclude evidence that creates a record suitable for us to determine whether
reversible error occurred. Id. The remedy for violation of a motion in limine rests with the trial
court. Brazzell v. State, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972). It is not the granting of the
motion in limine which constitutes grounds for error on appeal, but the exclusion of the evidence
when offered with a request for reconsideration. Norman, 523 S.W.2d at 671.

 Here, when the outcry witness was asked if she knew what happened to the investigation, an
objection was lodged by the State, but no ruling was made by the court on the objection. Counsel
for Perry (after an off-the-record discussion) then pursued other topics on cross-examination. There
is no record of a ruling by the court; therefore, the alleged error is not preserved.

 Further, even if the error had been properly preserved for review, we find no merit in the
argument. The Texas Court of Criminal Appeals has held that "a prior 'no bill' by the grand jury is
not material in any way to the defense of a case." Smith v. State, 474 S.W.2d 486, 489 (Tex. Crim.
App. 1971). The duty of a grand jury is to determine whether evidence exists to formally charge a
person with an offense. See Rachal v. State, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996). A grand
jury's no-bill is merely a finding that the specific evidence brought before the particular grand jury
did not convince the grand jury to formally charge the accused with the offense alleged. Id. The trial
court would not have abused its discretion if it had formally excluded evidence that a previous grand
jury had failed to indict Perry for the offense involving Jane Doe #3. 


Cross-Examination Limitation

 Finally, Perry argues under this same point of error that the trial court's granting of the State's
motion in limine precluded him from exposing "the discrepancies between the report made at the
time of the alleged event, which led to a no bill by a Grand Jury, and the version of the events
described" at trial. However, the court only granted a motion in limine concerning the fact that a
grand jury failed to indict (no-billed) Perry for the offense involving Jane Doe #3. The State
presented Jane Doe #3 and her mother, who testified about specific facts describing Perry's alleged
sexual assault of Jane Doe #3 in October 2002. The court did not limit or restrict Perry's ability to
question the witnesses about any facts relevant to the alleged sexual assault. Defense counsel elected
not to question Jane Doe #3, but did question Jane Doe #3's mother, the outcry witness. Any
inconsistency in the testimony of the witnesses was a proper topic for cross-examination, and Perry
was not prevented from exercising such right. The State had previously given Perry the proper
notice that such evidence would be offered, giving Perry ample opportunity to prepare for and
explore any discrepancies in testimony. Had the motion in limine been a formal ruling on
admissibility of evidence, it only denied Perry permission to bring to the jury's attention the fact that
a particular grand jury failed to indict him on the allegations of Jane Doe #3. We find nothing in the
record to support the contention that Perry was precluded from thoroughly cross-examining the
State's witnesses regarding matters relevant to the extraneous offense. There is no error.



 We affirm the judgment of the trial court. 

 


 Jack Carter

 Justice


Date Submitted: March 19, 2007

Date Decided: March 21, 2007


Do Not Publish



1. Pseudonyms were used for the complainants in the documents filed in court, but the State's
notice included the actual names. We will use the pseudonyms as shown in the court filings.