Opinion issued June 23, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00027-CR

———————————

Cecil Eugene Ethridge, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Criminal Court at Law No. 12

Harris County, Texas



Trial Court Case No. 157920901010

 



 

MEMORANDUM OPINION

          A jury
convicted appellant Cecil Eugene Ethridge of owning an adult arcade without a
permit in violation of section 28-91(a) of the Code of Ordinances of the City
of Houston.  See Houston, Tex., Ordinance 28-91 (Jan. 15, 1997) (codified at Houston, Tex., Rev. Ordinances ch. 28, art. II, § 91 (1997)).  The trial court assessed punishment at
confinement in county jail for 120 days and a $2,000 fine.  On appeal, Ethridge argues that the trial
court erred in granting the State’s motion in limine, thereby depriving him of
his constitutional right to due process and a fair trial.  We affirm. 

Background

On January 29, 2009, Officers M.
Dexter and P. Camp, along with two other officers, conducted an on-site investigation
of Gaslight News and Video, a video rental store and adult arcade in Houston,
Texas.  Dexter testified that he was
aware of Gaslight Video’s reputation as an adult arcade because he had grown up
in the neighborhood and attended school nearby. 
Dexter had been the lead investigator on the case for approximately
three years.  Prior to January 29, 2009, he
determined that Gaslight did not have a permit to operate as an adult
arcade.  Dexter conducted several undercover
investigations to understand the business’s operations and to collect evidence
that it was operating an adult arcade without a permit.  He testified that there was not a posted permit
and there was no record of a request for a permit.  On January 29, the officers entered the
business, identified themselves as police officers to the employees and
patrons, entered the back section of the store, identified as an “adults-only”
area, and photographed the premises.

Dexter testified that inside the
adults-only area, there were adult videos available for rent or purchase and numerous
private viewing booths in the adult arcade section.  He described the adult arcade as dark and
seedy.  The officers encountered
approximately 15 patrons, all of whom were in the adult arcade area.  Photographs
taken of the scene depicted stained walls, soiled tissues, discarded underwear,
and a used condom.  In each booth, there
was a television monitor; different pornographic movies were playing in several
booths.

Later, Dexter determined that Ethridge
was the director of N.W. Enterprises, Inc. and that Gaslight News and Video was
an assumed name of N.W. Enterprises.  Ethridge
was indicted for operating an adult arcade without a permit.

Before trial, the State moved to
exclude any evidence related to Gaslight’s primary business or its enforcement
guideline known as the “50/50 rule.”[1]  The State acknowledged that, with respect to certain sexually
oriented businesses (e.g., adult bookstore, adult cabaret, adult movie theatre),
it is required to prove that the primary business of the establishment is the
offering or exhibition of adult content. 
But because this case involves a violation of section 28-91 of the city ordinance,
which regulates only adult mini-theatres and arcades, the State argued that it
was not required to prove that the adult arcade was Gaslight’s primary business
because the words “primary business” do not appear in the statutory definition
of adult arcade.  See Houston, Tex., Ordinances 28-81 (January 15, 1997) (codified at
Houston, Tex., Rev Ordinances ch.
28, art. II, § 81 (1997)).  The
State also argued that any evidence of
Gaslight’s primary business or the 50/50 rule was irrelevant.  In response, Ethridge argued that excluding
this evidence would improperly reduce the State’s burden of proof and would
eliminate his defense.  He urged that the
State had improperly interpreted the definition of adult arcade and the Local
Government Code definition of sexually oriented business.  Over Ethridge’s objection, the trial court
granted the State’s motion in limine.  

Ethridge’s counsel requested the
opportunity to make an offer of proof. 
The court discussed the possibility of allowing him to make the offer
before voir dire, but the attorney stated that he preferred to wait until after
jeopardy attached.  At the end of the
first day of trial, the court offered an opportunity to make the offer of proof.  Ethridge’s counsel expressed his desire to wait
until the following day, and the court obliged his request.  On the second day of trial, the remaining
State’s witnesses testified and both sides rested.  Before the charge conference, Ethridge’s
counsel renewed his request to make an offer of proof and asked the court to “schedule
in the bill[] of review.”  The court
responded that he could make the offer after the charge conference.  Following the charge conference the court
recessed for lunch.  When the court
reconvened, the charge was read to the jury, the parties made their closing
statements, and the jury retired to deliberate. 
It was not until this time that Ethridge’s counsel renewed his request
to make an offer of proof.  During the
offer of proof, the jury returned with a verdict.  The guilty verdict was read in open court,
and the jury was excused.  Ethridge’s
counsel was then allowed to complete the offer of proof.

After the offer of proof was made,
the court held the punishment hearing and assessed Ethridge’s punishment at
confinement in county jail for 120 days and a $2,000 fine.  Ethridge appealed.

Analysis

          In
his sole issue on appeal, Ethridge argues that the trial court denied him due
process and a fair trial by granting the State’s motion in limine, thereby
preventing him from presenting evidence on the primary-business defense and the
effect of the 50/50 rule.  He also
contends that section 28-91(a) and the enabling legislation, section 243.002 of
the Local Government Code, are unconstitutional as applied to him because they impermissibly
lower the State’s burden of proof and do not require the State to prove that adult
entertainment is the “primary business” of the adult arcade.

Section
243.003 of the Local Government Code provides that municipalities may adopt
ordinances to regulate sexually oriented businesses.  Tex.
Local Gov’t Code Ann. § 243.003 (West 2003).  A sexually oriented business is defined as “a sex
parlor, nude studio, modeling studio, love parlor, adult bookstore, adult movie
theater, adult video arcade, adult movie arcade, adult motel, or other
commercial enterprise the primary business of which is the offering of a
service or the selling, renting, or exhibiting of devices or other items
intended to provide sexual stimulation or sexual gratification to the customer.”  Id. § 243.002
(West 2003).

The City
of Houston restricts where sexually
oriented business may be located and requires owners and operators of certain
sexually oriented businesses to obtain a permit.  See Houston, Tex., Ordinance 97-75 (Jan. 15,
1997) (codified at Houston, Tex.,
Rev. Ordinances ch. 28, arts. II–III (1997)).  Owners of adult arcades and mini-theatres are
required to obtain a permit under article II, section 28-91, but owners and
operators of other sexually oriented businesses are required to obtain a permit
under article III, section 28-122.  See id. 
Some businesses are regulated only if their primary business involves
the selling or provision of adult content, but adult arcades are subject to
permitting requirements and regulation regardless of whether the provision of
adult content is their primary business. 


Ethridge’s
argument on appeal is that it is unconstitutional, as applied to him, to
subject adult arcades to regulation regardless of the percentage of business
devoted to the provision of adult material.  He argues, as he did during the trial court’s
hearing on the motion in limine, that excluding evidence of Gaslight’s primary
business and the 50/50 rule impermissibly lowers the State’s burden of proof
and deprives him of a defense.

          A
ruling on a motion in limine is, by its nature, subject to reconsideration
throughout the trial.  Norman v. State, 523 S.W.2d 669, 671
(Tex. Crim. App. 1975); Thierry v. State,
288 S.W.3d 80, 86–87 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  While the purpose of a motion in limine is to
prevent particular matters from coming before the jury, it may not be enforced
to exclude properly admissible evidence. 
See Norman, 523 S.W.2d at 671.
 Accordingly, a ruling on a motion in
limine does not preserve error.  Id.; Johnson
v. State, 981 S.W.2d 759, 760 (Tex. App.—Houston [1st Dist.] 1998, pet.
ref’d).  

To preserve error based on the
exclusion of defensive evidence through a motion in limine, the defendant must
offer the evidence at trial and obtain an adverse ruling.  Warner
v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998) (citing Fuller v. State, 827 S.W.2d 919, 929
n.10 (Tex. Crim. App 1992)).  After
obtaining an adverse ruling, the defendant must make a record indicating the
nature of the evidence excluded.  See Tex.
R. App. P. 33.1, 33.2; Tex. R. Evid. 103(a)(2).  If the excluded evidence is not apparent from
the context of the record, it must be brought forward either through a timely
offer of proof or through a formal bill of exception.  Warner,
969 S.W.2d at 2.

Although the terms “offer of proof”
and “bill of exception” are often used interchangeably, they are governed by
different rules and the method of error preservation under each is
different.  Compare Tex. R. Evid. 103 (offer
of proof), with Tex. R. App. P. 33.2 (formal bill of
exception).  When a trial court excludes
evidence, a party may preserve error by making a timely offer of proof.  Tex.
R. Evid. 103.  An offer of proof
is untimely if made after the charge has been read to the jury.  Id. (“The offering party shall, as
soon as practicable, but before the court’s charge is read to the jury, be
allowed to make, in the absence of the jury, its offer of proof.”).  If the offer of proof is untimely and the
objecting party fails to preserve error through other means, the error is not
preserved.  Hernandez v. State, 127 S.W.3d 206, 217 n.14 (Tex. App.—Houston
[1st Dist.] 2003, pet. ref’d); Darnes v.
State, 118 S.W.3d 916, 919 (Tex. App.—Amarillo 2003, pet. ref’d); see Tex.
R. Evid 103(b).

Likewise, a party may preserve
error by making a formal bill of exception. 
Tex. R. App. P. 33.2.  No particular form of words is
required, but “[t]he complaining party must first present a formal bill of
exception to the trial court.”  Id. 
The trial court must either sign the bill and file it, or refuse to sign
it and file a bill of exceptions, which in the court’s opinion, accurately
reflects the trial court proceedings. 
Rule 33.2 contemplates that a formal bill of exceptions will appear in
the appellate record.  A party who fails either
to make a timely offer of proof or to file a formal bill of exceptions does not
preserve error from a trial court’s ruling to exclude evidence.  Tex.
R. App. P. 33.2; see Tex. R. Evid. 301.

In this case, Ethridge’s counsel
did not seek to elicit testimony regarding the primary business defense or
50/50 rule during cross-examination, nor did he call any witnesses or present
any evidence during the defense’s case-in-chief.  Ethridge did not file a formal bill of
exception under Rule 33.2 of the Rules of Appellate Procedure.  The only evidence in the record setting forth
the excluded evidence was made during his offer of proof, which was submitted
after the jury charge was read.  Because Ethridge
did not offer the evidence during trial, and he made an untimely offer of proof,
any error in excluding the evidence was not preserved.  See
Warner 969 S.W.2d at 2; Fuller,
827 S.W.2d at 929.  Ethridge’s sole issue
is overruled.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes,
Sharp, and Massengale.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]        The
“50/50 rule” is not a statutory defense or an element of a crime; rather, it is
an unofficial enforcement guideline utilized by the Houston Police Department
to determine if a business should be required to obtain a permit under the
sexually oriented business statute.  Generally,
if a business’s inventory includes less than 50% adult material, the Houston
Police Department will not enforce the permitting requirement.  See
generally 4330 Richmond Ave. v. City of Houston, No. Civ.A. 91-00665, 1997
WL 1403893, at *6 (S.D. Tex. July 17, 1997) (discussing Houston Police
Department’s hypothetical application of 50/50 rule).