

**NUMBER 13-12-00300-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI − EDINBURG**

**JOHN ALLEN QUEEN,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                  **Appellee.**

**On appeal from the 411th District Court
of Polk County, Texas.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

By one issue, appellant, John Allen Queen, challenges his conviction for felony

retaliation, arguing that the trial court erroneously allowed jury argument and testimony

referring to his previous murder conviction. *See* TEX. PEN. CODE ANN. § 36.06(a)(1) (West 2011). We affirm.[1]

## I. BACKGROUND[2]

Appellant was indicted for retaliation, a third-degree felony. *See id.* The case was tried to a jury. The State presented evidence that appellant threatened to harm the victim, Laura Ramirez, after she reported appellant's unwelcome requests for a date to the police. Prior to his trial, appellant filed a motion in limine requesting a hearing before the State made reference to or elicited testimony regarding appellant's previous convictions or prison sentences. The State responded that references to appellant being on parole for murder were appropriate because they provided context for why the victim did not want to have a relationship with appellant, support for the seriousness of appellant's threats, and evidence of appellant's motive to threaten the victim. The trial court ruled that the State could mention that appellant "is on parole right now. And then let that come out if the witness—if they can recall it. That way we'll let them testify about it."

During opening statements, the State referenced appellant's parole status by stating that appellant informed the victim of his parole status and showed her a newspaper clipping about the offense for which he was on parole. Later, at trial, the victim, Ramirez, testified to this encounter with appellant, recalling that he had told her that he was on parole for murder. Rodriguez's coworker also testified that appellant had

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

informed the victim that he was on parole for murder. At closing arguments, the State again recounted that the victim was aware that the appellant was on parole for murder. The jury found appellant guilty and sentenced him to twenty years in prison. This appeal ensued.

## I. APPLICABLE LAW AND DISCUSSION

The State, in its brief, argues that appellant did not preserve error for appeal because his trial counsel did not object to evidence of: (1) appellant's parole status or (2) the fact that appellant was on parole for murder. Appellant did not address preservation of error in his brief.

To preserve error for appeal, a defendant must (1) object, (2) state the grounds with sufficient specificity, and (3) obtain an adverse ruling. TEX. R. APP. P. 33.1; *see Archie v. State,* 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) ("To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objections to jury argument."); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). A motion in limine seeks a preliminary ruling by a trial court that serves as a procedural device to prevent prejudicial questions and statements from being made in the presence of the jury. *Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975). Obtaining a ruling on a motion in limine is not sufficient to preserve error for review, but rather there must be a proper contemporaneous objection to the proffered evidence. *Willis v. State*, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989); *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988);

Here, while appellant obtained a ruling on his motion in limine, he failed to object to any references at trial to his previous murder conviction or his parole status, which he

now alleges were allowed erroneously. By not objecting at the time these references were made, appellant waived any argument that the trial court erred by allowing references either to appellant's parole status or his prior murder conviction. *See Willis*, 785 S.W.2d at 384, *Webb*, 760 S.W.2d at 275. Therefore, appellant's sole issue is not preserved for our review. *See* TEX. R. APP. P. 33.1; *Wilson*, 71 S.W.3d at 349; *Archie,* 221 S.W.3d at 699. We overrule appellant's issue.

## II.    CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of May, 2013.

4