**Opinion filed May 21, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00162-CR

_____

## SANTIAGO LARA JIMENEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-37,360**

## MEMORANDUM OPINION

The jury convicted Santiago Lara Jimenez of murder, attempted murder, and aggravated assault with a deadly weapon.[1] The jury assessed his punishment at confinement for a term of sixty years for the offense of murder, at confinement for

---

[1]The grand jury indicted Appellant in Cause No. A-37,360 for the offense of murder and indicted Appellant in Cause No. A-37,361 for the offenses of attempted murder and aggravated assault with a deadly weapon. The trial court granted the State's motion to consolidate the cases for trial. The judgments of conviction were entered in Cause No. A-37,360.

a term of twenty years for the offense of attempted murder, and at confinement for a term of ten years for the offense of aggravated assault. The trial court ordered Appellant's sentences to run concurrently. Appellant presents two issues for our review. We affirm.

Ernest Gilbert Byer Sr. and Ernest Gilbert Byer Jr. (Ernie), the victims in this case, were Appellant's neighbors. At the time of the incident made the basis of the charges in this case, Appellant and the Byers had been engaged in an ongoing dispute that had lasted for several years. Appellant believed that Ernie had vandalized his property on multiple occasions. Appellant and Ernie had been in many arguments and each had called the police on the other.

The Byers had just returned to Ernie's home from doing laundry at a nearby "laundry mat" when Appellant drove into Ernie's driveway. Ernie got out of the car; headed toward Appellant; said, "[W]hat do you want?"; and then threw his hands up. Byer Sr. told police that Ernie wanted to kick Appellant's "ass" and that Ernie tried to start a fight. Ernie did not have a weapon. A neighbor testified that she heard Ernie tell Appellant to get off his property. Then she heard gunshots, and Ernie fell to the ground. Ernie was a few feet from Appellant; Appellant never got out of his truck. Appellant shot Ernie in the chest and left buttock and shot Byer Sr. in his leg, arm, abdomen, and neck. Byer Sr. was able to take cover behind his car, and he called 9-1-1. After Appellant stopped shooting, he drove home. Byer Sr. was hospitalized for four days. Ernie died at the scene. The cause of death was a gunshot wound to the chest; the bullet passed through his heart and grazed his spinal cord. Ernie was nineteen years old.

Appellant told police that he had called the police "a hundred times" and that they did not do anything about it, so he had to do something. Appellant claimed that he was fearful of the Byers and that he acted in self-defense.

2

In his first issue, Appellant contends that the trial court erred when it granted the State's motion in limine in which the State sought to require defense counsel to request a ruling from the trial court outside the presence of the jury regarding the admissibility of the alleged bad acts of the victims, including criminal mischief and drug use. Appellant argues that this restriction prevented him from presenting evidence that he acted in self-defense. Appellant does not argue that the trial court excluded evidence that Appellant later offered at trial; he argues only that the trial court erred when it granted the motion in limine. "From the *mere* granting of a motion in limine, it is not possible for the reviewing court to know what, if any, specific evidence or other matters have been excluded." *Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975). The proper basis for a complaint on appeal is not that the trial court erred when it granted the State's motion in limine but that the trial court erred when it excluded the evidence during trial after reconsidering its prior ruling. *Id.* Therefore, Appellant has not presented us with a reviewable complaint. Furthermore, from our review of the record, we cannot identify any specific evidence that Appellant requested the trial court to admit but that the trial court excluded. The court allowed Appellant to present evidence regarding the vandalism and regarding the victims' alleged drug use. Appellant's first issue is overruled.

In his second issue, Appellant contends that the trial court erred when it excluded testimony that, in the past, Ernie had walked around his neighborhood swinging a sword and had used a sword in Appellant's presence. However, as the State points out, evidence that Ernie had swung a sword in the neighborhood was presented to the jury. Although the trial court initially sustained the State's objection to such testimony, the trial court subsequently reconsidered its ruling and allowed multiple witnesses to testify about Ernie's sword use. Appellant's neighbor testified that approximately two months prior to the shooting, as she and her husband were

3

driving down their alley, she saw Ernie swinging the sword. She told her husband not to drive down the alley because she was afraid something would happen; Ernie came within ten feet of their car. Although nothing happened, she was scared enough to call the police and report the incident. Appellant's brother also testified that, when he was visiting Appellant one day, he saw Ernie swinging and waving a sword at Appellant and giving Appellant some problems. He said that Ernie just stared at Appellant's house during the incident. Appellant recorded the incident and called the sheriff's office. The video, as well as four still pictures from the video, were admitted into evidence.

The officers who talked with Appellant at the scene and at the hospital also testified about Ernie's sword use. Investigator Javier Levya testified that Appellant told him that Ernie had attacked him with a sword. Investigator Christina Grissom testified that Appellant had told her about Ernie's sword use and that Appellant had shown her a video, which depicted Ernie on the street with his sword. Grissom was told that the video had been destroyed, but she did not know why or when; she believed that it was in the custody of the Ector County Sheriff's Office when it was destroyed.[2] She also testified that the video was relevant to show the relationship between Appellant and Ernie; however, the video did not show Ernie threatening Appellant with the sword. Furthermore, the recordings of Appellant's statements were admitted into evidence, and in each video, Appellant discusses Ernie's sword use with the officers. In addition, Sergeant Diallo Bass testified that he saw a sword inside Ernie's home. Defense counsel also emphasized Ernie's sword use in his closing argument to show that Appellant was fearful of Ernie. Because the trial court ultimately allowed the evidence to be presented to the jury, Appellant has not shown

---

[2]Another witness testified that the video was from 2008 and that it was destroyed in July 2010 because there was no suspect and the statute of limitations had run. On appeal, Appellant does not complain about the destruction of the video.

that he received an adverse ruling from the trial court.  We overrule Appellant's second issue.

We affirm the judgments of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


May 21, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.