

# NUMBER 13-22-00024-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JADIN NUNEZ,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

## On appeal from the 426th District Court
## of Bell County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

A jury found appellant Jadin Nunez guilty of capital murder. *See* TEX. PENAL CODE

ANN. § 19.03. Nunez received an automatic life sentence without the possibility of parole.

*See id.* § 12.31(a). By one issue, Nunez urges this Court to reverse his conviction

because he was "not present for or could not meaningfully participate in" two pretrial

hearings. We affirm.[1]

## I. BACKGROUND

An amended indictment charged Nunez of murdering S.M.,[2] a child less than 10 years of age, a capital felony. *See id.* § 19.03(a)(8).

A pretrial hearing was held on Friday, October 15, 2021. The parties and the trial court discussed various matters, including the State's proposed amendment to the indictment, possible redactions to the State's video of Nunez's statement to police, and extraneous offense testimony related to a sexual assault. During the hearing, the following exchange occurred:

[Nunez's Counsel]:      I think there was one other item that [the State] and I had previously talked about, and that is stipulation of evidence where we're going to be signing a stipulation that indicates that [S.M.] is the subject of the autopsy at [Southwestern Institute of Forensic Sciences]. I have not been able to take that over for [Nunez]'s signature, nor did I e-file it. I don't anticipate that being an issue. And so I look forward to coming before the Court and will help in facilitating the trial process.

Additionally, Your Honor, e-filing is down, and I've indicated to [the State] that we'll be e-filing a request for sentencing by the Court in the event there's a finding of an offense lesser charge.

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE Ann. § 73.001. Because this is a transfer case, we apply the precedent of the Austin Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.

[2] To protect the identity of the minor children, we refer to the children by their initials or an alias. *See* TEX. R. APP. P. 9.8(a); *see also* TEX. CONST. art. 1, §30(a)(1) (providing that a crime victim has "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

| [The Deputy]: | Judge? |
| --- | --- |
| [The Court]: | Yes, sir? |
| [The Deputy]: | We can't hear his lawyer. |
| [The Court]: | Can you make sure your microphone is turned on at the desk there. |

The trial court granted the State's proposed amendment to the indictment. The trial court also granted Nunez's objection to the admission of evidence related to a sexual assault. The State requested to "bench file" a motion in limine and suggested that the parties revisit it on the day of trial. Counsel for Nunez informed the trial court that he intended to raise some objections to the State's motion but wanted to give more attention to the motion over the weekend. The trial court file-marked the State's motion in limine and announced it would "take[ ]up" the motion on "Monday morning."

On Monday, October 18, 2021, the trial court conducted a hearing prior to jury selection. The transcript of this hearing indicates that the proceeding commenced at 8:37 a.m. and that Nunez was not present. In this hearing, Nunez's counsel agreed to nearly all the listed items in the State's motion in limine but raised objections to item numbers 5 and 6. Item number 5 prohibited Nunez from making statements during jury selection about his own background, other than his name and age. Similarly, item number 6 prohibited Nunez from making statements during jury selection about his trial counsel's background, other than his name and age. The trial court denied Nunez's objection to item number 5, but granted the objection to item number 6. Nunez's counsel presented no other objections. Thereafter, the following exchange occurred:

3

| [The Court]: | Is he here yet? |
| --- | --- |
| [The Deputy]: | He should be, yes. |
| [The Court]: | Okay. All right, I — |
| [The Deputy]: | Do you want him out here? |
| [The Court]: | Yes. Let's go ahead and bring him out. |
| [The Deputy]: | All right. |

After a short recess, the trial court called the case. The transcript indicates that Nunez was present at this time. The trial court asked "[A]re there any other matters to take up?" The State offered an exhibit without objection, which was admitted by the trial court. The proceedings were recessed at 10 a.m. Jury selection commenced at 10:10 a.m., and the trial began in earnest that afternoon.

The evidence at trial demonstrated that on September 22, 2019, around 3 a.m., police officers and paramedics were dispatched to a residence in Temple regarding an emergency involving two-year-old S.M. Despite life-saving treatment attempts by police and paramedics, S.M. died. Police observed that S.M. had bruising all over her body and that her stomach was abnormally swollen and hard. S.M.'s mother informed officers that S.M.'s injuries were caused by Nunez, her boyfriend. Specifically, officers learned that Nunez had punched S.M. three times in the stomach. At the time, Nunez was not at the scene.

A medical examiner conducted an autopsy of S.M. and observed several contusions, bruises, and scratch marks on her body, including around the neck and underneath her chin. The medical examiner determined that S.M.'s small intestine was

4

ruptured, which required a significant amount of force, such as that caused by a car accident. The medical examiner concluded that S.M.'s cause of death was "blunt-force injuries" and that the manner of S.M.'s death was homicide.

Nunez provided a statement to detectives. He admitted that he grabbed S.M. by her arm and punched her three times in the stomach. In addition, Nunez admitted he strangled S.M. to the point that she turned blue, her eyes rolled up, and she passed out.

The jury found Nunez guilty of capital murder on October 20, 2021. On the same day, the trial court pronounced Nunez's automatic life sentence without parole.

On November 16, 2021, Nunez filed a motion for new trial asserting that the judgment was "contrary to the law and the evidence." The trial court entered and signed the judgment on November 17, 2021. Nothing in the record indicates that the trial court held a hearing or ruled on Nunez's motion for new trial within seventy-five days after imposing Nunez's sentence. *See* TEX. R. APP. P. 21.8(a), (c). Thus, Nunez's motion for new trial was overruled by operation of law. *See id.* This appeal followed.

## II.  NUNEZ'S ABSENCE DURING PRETRIAL PROCEEDINGS

In his sole issue, Nunez complains of two pretrial hearings at which he claims he was "not present . . . or could not meaningfully participate." Nunez argues that the trial court violated his constitutional and statutory rights to be present at these pretrial proceedings.

## A. Standard of Review & Applicable Law

A defendant's constitutional right to be present during certain stages of criminal proceedings is rooted in the Confrontation Clause of the Sixth Amendment and in the Due Process Clause of the Fourteenth Amendment to the United States Consititution. *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam). The Due Process Clause applies in lieu of the Sixth Amendment in situations where the defendant is not specifically confronting witnesses or evidence against him. *Id.* The Due Process Clause requires the defendant's presence at proceedings against him "to the extent that a fair and just hearing would be thwarted by his absence and to that extent only." *Adanandus v. State*, 866 S.W.2d 210, 219 (Tex. Crim. App. 1993) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 108 (1934)). Where the presence of a defendant does not bear a "reasonably substantial relationship to the opportunity to defend," no harm results from his absence from the proceedings against him. *Id.* at 219–20 (explaining that a defendant must show that his presence would have furthered the defense in some way and concluding that "[b]ecause appellant's presence did not bear a 'reasonably substantial relationship to the opportunity to defend[,'] no harm or prejudice was shown as a result of his absence"). If a constitutional violation has occurred, the case must be reversed unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *See* TEX. R. APP. P. 44.2(a). "Of course, if there is no due process violation, no harm analysis need be conducted." *King v. State*, 666 S.W.3d 581, 585 (Tex. Crim. App. 2023).

"In addition to the Due Process Clause, Article 28.01, Section 1 of the Texas Code of Criminal Procedure requires that a defendant be present during 'any pre-trial proceeding.'" *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 28.01, § 1). "A violation of Article 28.01 is non-constitutional error subject to review under Texas Rule of Appellate Procedure 44.2(b)." *Id.* (citing TEX. R. APP. P. 44.2(b)). "Rule 44.2(b) states that non-constitutional error must be disregarded unless it affects the defendant's substantial rights." *Id.* (citing TEX. R. APP. P. 44.2(b)). "A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Id.* (quoting *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

**B.    Discussion**

**1.  October 15, 2021 Pretrial Hearing**

Regarding the October 15, 2021 pretrial hearing, Nunez argues he "appeared via videoconferencing technology but could not personally and directly communicate with his counsel in real time."

The transcript of the October 15, 2021 pretrial hearing and the trial court's docket sheet does not explicitly indicate that Nunez was absent during this hearing. At this pretrial hearing, a deputy stated, "We can't hear his lawyer," and the trial judge subsequently stated, "Can you make sure your microphone is turned on at the desk there." These statements indicate that Nunez was present remotely via video conference. We note that this hearing took place during the Covid-19 pandemic. In its Forty-Third Emergency Order Regarding the Covid-19 State of Disaster, the Texas Supreme Court ordered:

7

3. Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal, without a participant's consent:

. . . .

b. except as this Order provides otherwise, allow or require anyone involved in any hearing . . .—including but limited to a party, attorney, witness, court reporter, grand juror or petit juror—to participate remotely, such as by teleconferencing, videoconferencing, or other means.

629 S.W.3d 929, 929 (Tex. 2020) (misc. docket). This order was effective October 1, 2021, and expired December 1, 2021. *Id.* at 930. Nunez has not cited, and we have not found, any case law holding that a virtual appearance at a pretrial hearing authorized by the Texas Supreme Court Emergency Orders violates Article 28.01 or the Due Process Clause.

In addition, nothing in the record suggests that Nunez did not have the opportunity to communicate with his counsel during the hearing. *Cf. Hughes v. State*, 651 S.W.3d 461, 470 (Tex. App.—Houston [14th Dist.] 2022, pet. granted) (holding appellant was not truly present during a hearing over video conference by which the trial court revoked him from community supervision and adjudicated him guilty because he was "in a separate break-out room with no possibility to communicate with his counsel in private regarding how to confront and cross-examine" the State's sole witness). Even assuming without deciding that Nunez was not truly present during the October 15, 2021 pretrial hearing, we do not find that Nunez's presence bore a substantial relationship to the opportunity to defend himself, nor do we find harm under the rules of appellate procedure. *See Adanandus*, 806 S.W.2d at 220; TEX. R. APP. P. 44.2(a), (b).

8

In *Adanandus*, a defendant challenged his conviction because the trial court conducted a pre-trial meeting in the trial judge's chambers in the defendant's absence. *Adanandus*, 806 S.W.2d at 217. The Court of Criminal Appeals held that the defendant's absence was harmless because the defendant's trial counsel was present at the meeting, sufficiently advocated on the defendant's behalf, and secured favorable rulings. *Id.* at 220. Further, the Court held there was "no evidence that appellant had any information, not available to the attorneys or court, regarding any of the matters discussed at the meeting." *Id.*

The same is true here. Nunez's counsel was present at the October 15 hearing, informed the trial court it had no objections to the amended indictment, and advocated on Nunez's behalf for some redactions to the State's video depicting his statement to police.[3] Nunez's counsel also informed the trial court that he intended to raise objections to the State's motion in limine, which had been turned over to counsel but had not been filed at that time.[4] There is no evidence that Nunez had information, not available to the attorneys or court, regarding any of the matters discussed at the October 15 hearing. *See id.* Thus, Nunez has not shown how his presence would have furthered his defense, and he has not shown that his presence bore a reasonably substantial relationship to his opportunity to defend. *See id.* at 219–20; *King*, 666 S.W.3d at 586. We conclude beyond a reasonable doubt that the error did not contribute to the conviction or punishment, and because the

---

[3] The parties informed the trial court that redactions would be necessary after the trial court granted Nunez's previous objection to the admission of extraneous offense evidence relating to a sexual assault.

[4] The trial court heard arguments regarding the State's motion in limine at the October 18 hearing.

9

jury was not present when this occurred, we have fair assurance that the error did not influence the jury. *See* TEX. R. APP. P. 44.2(a), (b); *King*, 666 S.W.3d at 585.

**2. October 18, 2021 Pretrial Hearing.**

The transcript of the October 18, 2021 pretrial hearing explicitly indicates that Nunez was not present; therefore, Nunez's absence was error. *See Adanandus*, 866 S.W.2d at 219; *see also* TEX. CODE CRIM. PROC. ANN. art. 28.01, § 1.

Here, Nunez's trial counsel was present at the October 18 hearing on the State's motion in limine, and raised no objections to most of the items listed within the motion except as to item numbers 5 and 6.[5] Item number 5 of the State's motion prohibited Nunez from making statements during jury selection about his own background, other than his name and age. While Nunez speculates in his brief that additional background information about himself *could* have uncovered an impermissibly biased venire member or a basis for a peremptory challenge to a venire member, he does not contend that he had any personal insight or information not already available to the attorneys or the court that would have aided in his defending against the State's motion in limine. *See Adanandus*, 866 S.W.2d at 220.

Nunez also acknowledges that the trial court "effectively granted" his own motion in limine regarding extraneous offense evidence of a sexual assault, but argues that "defense counsel chose not to urge this aspect of [his] motion in limine and effectively withdrew it or failed to obtain a ruling on it with respect to additional extraneous-conduct

---

[5] In his brief, Nunez raises no concerns about item number 6 and the record demonstrates that the trial court granted his objection to item number 6.

10

evidence." The record demonstrates that the trial court asked Nunez's trial counsel whether there was "anything on your motion in limine that's still outstanding," and Nunez's trial counsel responded, "I think it's all been resolved, Judge." However, Nunez does not contend that he had any personal insight or information not already available to the attorneys or the court that would have aided in the urging of this aspect of his own motion in limine at the October 18 hearing.[6] *See id.*

We further note that a trial judge's grant or denial of a motion in limine is a preliminary ruling only and normally preserves nothing for appellate review. *Geuder v. State*, 115 S.W.3d 11, 15 (Tex. Crim. App. 2003). The Court of Criminal Appeals stated in *Norman v. State*:

> The purpose of a motion *in limine* is to prevent particular matters from coming before the jury. It is, in practice, a method of raising objection to an area of inquiry prior to the matter reaching the ears of the jury through a posed question, jury argument, or other means. As such, it is wider in scope than the sustaining of an objection made after the objectionable matter has been expressed. However, it is also, by its nature, subject to reconsideration by the court throughout the course of the trial. This is because it may not be enforced to exclude properly admissible evidence.

523 S.W.2d 669, 671 (Tex. Crim. App. 1975). Nothing decided about either the State's or Nunez's motion in limine was final in this case and thus, Nunez's presence could not have furthered his defense. Accordingly, we do not find that Nunez's absence at the October 18 hearing had a reasonably substantial relationship to the opportunity to defend. *See*

---

[6] Nunez argues that his counsel "wholly abandoned any effort to exclude extraneous conduct evidence after the trial court excluded the alleged sexual assault." However, Nunez does not argue that admission of the referred-to extraneous conduct was erroneous.

11

*Adanandus*, 866 S.W.2d at 219–20; *King*, 666 S.W.3d at 586. In addition, we conclude beyond a reasonable doubt that the error did not contribute to the conviction or punishment, and because the jury was not present when this occurred, we have fair assurance that the error did not influence the jury. *See* TEX. R. APP. P. 44.2(a), (b); *King*, 666 S.W.3d at 585.

Nunez's sole issue is overruled.

### III.  CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
10th day of August, 2023.